WILLIAM B. GAINES, PLAINTIFF IN ERROR, VS. FORCHEIMER & BROTHERS, DEFENDANTS IN ERROR.

1. A verdict will not be set aside as against evidence, where there has been evidence on both sides, and no rule of law violated, nor manifest injustice done, although there may appear to have been a PREPONDERANCE of evidence against the verdict.

2. As a *general rule*, if the finding of the jury be clearly against law, the verdict will be set aside and a new trial granted.

This case was decided at Marianna.

Writ of error to Santa Rosa Circuit Court.

The appellees instituted suit in the Court below against the appellant, on a promisory note for three hundred dollars, dated 15th of June, 1850. A mortgage was given to secure the payment of the note, which was filed with the note, and on which was endorsed a credit for eighty-eight 90-100 dollars on the 16th June, 1850. The defendant pleaded first, payment in full; second, set off.

The record contains the following copy of a receipt given by the defendants in error to the plaintiff in error, for certain notes, described, viz:

Received from Wm. B. Gaines, Esq., three notes, as follows: one for $100 30-100, drawn by J. O. Carroll at three months from Feb. 11th, 1852, and two due bills drawn in favor of Wm. Carns, by J. O. Carroll, on 13th January, for eleven dollars, and the other 22d January, (both on demand) for seven dollars.

E. FORCHEIMER & CO.,

E. DENNIS.

The deposition of Edward Dennis, a witness examined by defendant, is embraced in the record, in which the witness states that he was on several occasions present when settlements or arrangements took place between the parties

32

to this suit, in reference to a mortgage given to plaintiffs in connexion with matters of general account, but remembers none in which the mortgage was exclusively the object of settlement or arrangement. On these occasions payments were made by defendant and by plaintiffs admitted to have been received, but precisely what sums or amounts, or what the particular application of them, he is unable to state, without referencecto the books of plaintiffs. Could not say positively whether the precise sum of one hundred dollars was on either of these occasions or on any occasion paid by defendant to plaintiffs, or by them or either of them admitted to have been paid by defendant, either on the mortgage or on general account. His impression was, there was a payment of one hundred dollars made by defendant and acknowledged by plaintiffs, which may have been intended to be applied upon account of the mortgage, but has no distinct recollection of plaintiff or either of them acknowledging such an application of it. Could not distinguish the payment made on account of the mortgage and those on general account, but is confident that the payments made amounted altogether to as much as five hundred dollars. In the spring of 1852 defendant gave to plaintiffs notes of John O. Carroll and others in connection with the payments made to plaintiffs, but does not recollect that these notes were given in payment or that they were taken otherwise than as collateral. Witness as book-keeper of plaintiffs, and on their behalf, gave defendant a receipt for them, but cannot say whether they were on solvent persons, or that they were taken in preference to others.

On cross-examination, the witness testified that he could not say when the payments were made—they ranged between September, 1851, and September, 1852. Could not give the dates of any payment, or say which, if any amount, still remains unpaid. Does not remember any understanding in reference to the notes of Carroll, more than already

stated. His inference was that when taken, those notes were considered doubtful.

At the trial, a verdict was rendered for plaintiffs for $111 10, and at the same term of the court a motion was made by defendant for a new trial, on the ground of newly discovered evidence, supported by his affidavit, which motion was granted by the Court. At the following term the case was, on motion of defendant, continued, and at the succeeding term a trial was again had, and a verdict rendered in favor of the plaintiffs, for the sum of $181 91-100. A new trial was again asked for, on the following grounds, viz: First, because the verdict is contrary to the weight of evidence; second, because the verdict is contrary to the law as laid down and admitted by the court.

The court refused the motion for a new trial, and defendant took his writ of error.

The record does not show what the charge of the court to the jury was, or that any other testimony was offered in the case.

*C. W. Jones* for plaintiff in error.

*J. M. Landrum* for defendants in error.

DuPONT, C. J., delivered the opinion of the court.

The appellees brought suit in the Circuit Court of Santa Rosa county, against the appellant, a maker of a promissory note. The defence was payment and set off. Upon the trial, the jury gave a verdict for the plaintiff, for the sum of $111 10-00. At the same term of the court, the defendant moved for a new trial, supported by affidavit, on the ground of newly discovered evidence, which was granted by the court and the cause contined to the next term. At the ensuing term, the cause was again continued on the showing of the defendant, and at the following term, a trial was

had and the jury returned a verdict in favor of the plaintiffs, for the sum of $181 91-00. The defendant again moved for a new trial, on the grounds that the verdict was contrary to the weight of evidence, and that it was contrary to the law as laid down by the Court. This motion for a second new trial was refused by the court, and from that ruling, the appeal was taken and is now brought to this court for our adjudication.

We have carefully examined the record in this case, and can discover no good reason for disturbing the verdict of the jury. With reference to the first ground of error assigned, to wit : that the verdict was contrary to the weight of evidence, it is well settled that the verdict will not be set aside as against evidence, where there has been evidence on both sides, and no rule of law violated, nor manifest injustice done, although there may appear to have been a *preponderance* of evidence against the verdict. (1 Grah. and Wat. on N. T., 380.)

In reviewing the testimony in the case, we are clearly of opinion that instead of the preponderance having been against the verdict, it was clearly in its favor. The verdict seems to have allowed to the defendant full credit for the payment that had been made on the note ; and as to the receipt for notes and due bills, given by the plaintiffs to the defendant, we think the jury were correct in not regarding it as evidence in the case, there being nothing on its face to show the application to be be made of the proceeds when collected, and a total failure in the evidence going to prove any responsibility on the same, over to the defendant.

We are at a loss to discover any ground for the second 'error assigned, to wit : that " the verdict was against the law, *as laid down by the Court.*" There is nothing in the bill of exceptions to show .how the Judge below laid down the law, and even if there were, we are satisfied that the verdict violated no principle of law. We recognize th

general rule that if the finding of the jury be clearly against law, the verdict will be set aside and a new trial granted, (1 Grah. and Wat. on N. T., 327,) but such is not the position of the verdict in this case, and we therefore overrule the assignment. It is therefore *ordered* that the judgment of the court below be *affirmed* with costs.