# DECISIONS

## OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, 1872.

WILLIAM WILSON, RESPONDENT, vs. FRANKLIN DIBBLE, APPELLANT.

A new trial should not be granted as against the weight of evidence, unless the preponderance is such as to warrant the opinion that the verdict was produced by improper influences; and particularly where two juries have rendered the same verdict upon the same state of facts.

Appeal from the Circuit Court, Fourth Judicial Circuit, Duval county.

Wilson sued Dibble and complained that defendant was indebted to him for cedar logs sold and delivered, for which defendant agreed to pay him fifty cents per cubic foot at Florida measure, or sixty cents per foot at New York measurement. That there were delivered 4,262 1-6 feet, New York measurement, at 60 cents per foot, amounting to $2,557.30. Plea, payment before suit.

The cause was tried in November, 1869, and a verdict rendered for plaintiff for $444.62.

Upon defendant's motion a new trial was granted upon the ground that the verdict was against the evidence and against the weight of evidence. In June, 1871, another trial was had, and upon substantially the same testimony, a verdict was rendered for plaintiff for five hundred dollars and eight cents.

A motion was then made for a new trial on the ground that the verdict was against the weight of evidence. This motion was denied, and judgment entered upon the verdict, whereupon defendant excepted and appealed from the judgment.

The testimony shows that the cedar was taken by defendant in the absence of plaintiff and shipped to New York by defendant, and was not measured before shipment.

Defendant made up an account of the cedar at New York measurement, and estimated the amount at fifty cents per cubic foot. Payments and advances had been made on account from time to time until December, 1867, when plaintiff called at defendant's office and inquired of the book-keeper what amount was due him and was told it was $156.84, which was paid him, and he signed a receipt therefor "in full."

Plaintiff swears that there was no final settlement, and that he always insisted on sixty cents per foot for New York measurement. Signed the receipt for $156.84 in full, but did not read it at the time. It was not understood between us that I was satisfied with the New York measurements. I claimed all the time sixty cents per foot at New York measurement. Did not say anything to Mr. Bours (book-keeper of defendant) when the last shipment was made. Mr. Dibble was not present.

The defendant testified that he did not remember making a positive agreement to pay ten cents more if surveyed in New York than if surveyed here. There was talk of a difference, and he preferred measuring it here, and I preferred New York measurement. When Mr. Wilson came for a final settlement, he mentioned that he thought he ought to have more. After the subject had been discussed thoroughly, as I remember, he consented to a settlement as made, remarking that he did not care for his own part, but that his partner might complain. Told him if his partner would call on me and look at the sale and understand the matter he would be

William Wilson v. Franklin Dibble.

satisfied ; heard no farther complaint. Mr. Bours testified : I understood the settlement between Mr. W. and Mr. D. to be in full. Mr. Foster was cashier and asked me when Wilson came for the balance, what was the balance due W. ? and I paid it to him. I think he was satisfied with the number of feet ; said something about thinking he should have more than 50 cents per foot, but I judged he was satisfied and accepted the settlement in full ; I judged so from his manner in taking the amount and saying nothing about being dissatisfied with it. Mr. Foster testified, (a receipt in full produced, signed by plaintiff,) don't know as the receipt was read to W. It was filled up by me according to my understanding of the closing of the account.

The plaintiff recalled, says : I had no idea it was a receipt in full ; was in a hurry and it was getting late when I signed it. I have never had a settlement with Mr. Dibble.

Other testimony was given in regard to the difference between the measurement in New York and in Florida.

The judgment is sought to be reversed and new trial granted, upon the ground of the refusal to grant the motion for a new trial.

*Fleming & Daniel* for Respondent.

*E. M. L'Engle* for Appellant.

RANDALL, C. J., delivered the opinion of the court.

It is generally with great reluctance that courts set aside the verdict of a jury upon a consideration of the testimony alone ; and a second verdict upon the same facts, although the judges may have come to a different conclusion, is too strongly fortified by the deliberate judgment of twenty-four men, to be disturbed except for strong reasons.

Where a verdict is so palpably against evidence or against a very strong preponderance of evidence that great injustice seems to have been done, leading to the conclusion that the verdict was the result of prejudices or excitement or other

improper influences, there should be no hesitation about setting it aside. In the present case, however, it is not discovered that any good reason exists for such interference, and there is nothing to indicate that upon another trial the verdict would not be the same. There is some conflict between the statements of the respective parties in relation to the fact of a final accounting and settlement, or agreeing upon a basis of settlement. Other witnesses seem to support the testimony of the defendant, but their testimony goes rather to show their impressions and conclusions, than to show the facts. A receipt in full was signed by plaintiff on receiving a sum which the defendant's agents believed and informed him was the balance due; but plaintiff says he was not aware that it was a receipt acknowledging full payment; that it was signed in haste without reading it, and that it was not in fact a full payment and that he had never regarded it, or agreed to regard it, as a full satisfaction. Although it may be that we should have been satisfied of the fairness of the verdict if it had been otherwise, we cannot say that these two juries have erred in judgment.

The judgment must be affirmed.