[No. 7,537.—Department Two.]
JOHN G. DOWNEY v. I. W. HELLMAN et al.

New Trial—Settlement of Statement—Conflict of Evidence.

Appeal from an order granting a new trial in the Superior Court of the County of Los·Angeles. Sepulveda, J.

This case was tried and judgment rendered in the Seventeenth District Court, County of Los Angeles, by Judge Fawcett; who died after the filing of the notice of intention to move for new trial, and the service of the statement and amendments. The statement was settled in the Superior Court by Judge Rolfe, presiding at the request of Judge Sepulveda; and was also certified as settled and allowed by Judge Heacock, as Judge of the Superior Court of Santa Barbara County, and successor in office of the late Judge Fawcett; and also by Judge Sepulveda. A petition for hearing in Bank was filed after judgment and denied.

*Graves & Chapman,* for Appellant.

There was no settlement of the statement. The case falls under § 653 of the Code of Civil Procedure. The Judge who tried the case (Fawcett) died before the statement was settled. It was therefore to be settled as provided by the rules of the Supreme Court. In the case which here occurred the statement must be settled by the successor in office of Judge Fawcett. (Rule 29, S. C.) But the office was abolished and Judge Fawcett had no successor, either as Judge of the First Judicial District, or as Judge of the Seventeenth District Court. Nor does the New Constitution help out the case, but, on the contrary, proves that there was no power to proceed on the motion for new trial, but the proceeding abated. (New Const., § 3, art. xxii.) That section provides for transferring actions and proceedings to the courts created by the Constitution, and gives the new courts the same power over them as if they had been originally commenced there. But the settlement of the Bill of Exceptions is not the act of the Court but of the Judge. And the New Constitution does not vest the Superior Judges with the power of the District Judges, nor if it

did, would it make any difference. The statute does not provide for the case at all, but directs it to be provided for by the Supreme Court, and the provision is, that it must be settled by the successor in office, and there was none.

*Glassell & Smith,* for Respondents.

The COURT:

This is an appeal from an order granting a new trial. There was a substantial conflict in the evidence, and therefore the order will not be reversed.

We are of opinion that the statement on motion for new trial was properly settled.

Order affirmed.