ELIZABETH C. MAXWELL AND GEORGE T. MAXWELL, HER HUSBAND, APPELLANTS, VS. E. W. AGNEW AND SAMUEL AGNEW, APPELLEES.

1. A jury having determined the question of veracity as between two equally competent witnesses who contradicted each other, the court, on appeal, will not interfere.

2. A certificate of deposit, by the terms whereof the money is payable to a married woman or bearer, is in effect a negotiable promissory note payable to the holder.

Appeal from the Circuit Court for Marion county.

The facts are stated in the opinion of the court.

*John. G. Reardon* for Appellants.

*S. D. McConnell* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was an action in behalf of Mrs. Maxwell to recover a sum of money of her separate property, which had been deposited with defendants as bankers, for which they had issued to her a certificate of deposit, payable to her. Defendants pleaded denying the promises and indebtedness in manner and form, &c., and payment, upon which issue was joined.

Mrs. Maxwell, in her own behalf, testified that $2,000 of her own money was deposited with defendants by her husband, for her, and they issued a certificate of deposit therefor in March, 1883, which certificate was delivered to her by her husband. It read: "Received of E. C. Maxwell on deposit, $2,000." It had some printing on it, I don't recollect exactly. All the money I received on the certificate was $200 sent through Dr. Maxwell, in April, and afterwards

two sums of $50 each, in August.  In April I told defend-
ants I would send for the $200 by Dr. Maxwell.  Did not
send the certificate by him to get the $300.  In July Dr.
M. got the certificate from me; never gave Dr. Maxwell
the certificate except at that time; I was very ill when the
Doctor said Mr. Agnew wanted to see it; demanded the
balance on the certificate in August and payment was re-
fused on the ground that Dr. Maxwell had drawn it.

E. W. Agnew, on the part of the defendants, testified
that the certificate of deposit was payable to Mrs. Max-
well or bearer.  Some days after its date she told me to let
Dr. Maxwell have all the money he wanted.  The whole
amount of the certificate was paid to him, and the certifi-
cate surrendered by him before their separation; received
no notice from her not to pay him until after it was all
paid to him.

Mrs. Maxwell, recalled, said she never told Mr. Agnew
to let Dr. M. have any money but the $200; did not tell
Mr. Agnew not to let Dr. M. have any money until after
our separation, because I did not know he was drawing it.

The jury found for the defendant.

Portions of the charge of the court were excepted to,
but in our view there was no material error in the charge.

The certificate of deposit, was in its effect a promissory
note, payable to bearer and negotiable by delivery. 2 Dan-
iel on Negotiable Instr., §§1702 to 1707.  That it was pay-
able to bearer is testified to by Mr. Agnew, and this is not
contradicted.  The only conflict in the testimony is that
Mr. Agnew swears that Mrs. Maxwell told him to let Dr.
M. have what money he wanted, and Mrs. M. swears that
she did not tell him so, except as to the $200 which she re-
ceived.

As to this contradiction, the jury have settled it: the
possession of the certificate by her husband, the money be-

ing payable to bearer, and the payment being made to him without notice not to do so is sufficient to protect the defendants against any other demand. The note or certificate had not been stolen, but had been delivered to Dr. M. by his wife. What were the circumstances inducing such delivery was known between the husband and wife, and the defendants knew only that the bearer was the husband of the payee.

Authorities relating to the choses in action of the wife do not relate to negotiable paper.

The judgment is affirmed.