## ANDERSON & CO. v. CAHILL.

1. **Practice:** NEW TRIAL: EVIDENCE TO SUSTAIN VERDICT.   Where there is no conflict in the evidence, and the correctness of the verdict can be demonstrated by a mathematical calculation, the trial court has no discretion in the premises, and an order setting aside the verdict and granting a new trial must be reversed on appeal.

2. ———: ERROR IN GRANTING NEW TRIAL: NOT WAIVED BY MOTION TO RECONSIDER.   Where there was error in granting a new trial, the aggrieved party did not waive the error by filing a motion asking the court to re-examine the question determined.

*Appeal from Fremont District Court.*

SATURDAY, DECEMBER 6.

THE petition states that in November, 1880, the defendant sold the plaintiff 3,000 bushels of shelled corn, for which the plaintiff agreed to pay $26\frac{1}{2}$ cents per bushel, and that the corn was to be delivered in January, 1881.   The petition further states that the plaintiff paid the defendant, at different times subsequent to the time the contract was entered into, the sum of $451.   The contract was in writing, and the petition stated that the time for the delivery of the corn was extended by parol; that plaintiff had demanded the corn, and defendant refused to deliver the same, or to refund the money received; that by reason of the defendant's failure to deliver the corn the plaintiff had been damaged. To recover such damages and the money paid was the object of this action.   The defendant answered the petition, and admitted the execution of the contract, and that he had received $350, but denied that the time for the delivery of

the corn had been extended, and alleged that he had offered to deliver the corn, but that the plaintiff had refused to receive the same, and that, because of such refusal, the defendant had been damaged, for which he asked judgment. Trial by jury. Verdict for the plaintiff for $351.70. On motion of the defendant a new trial was granted, on the ground that "the verdict is not sustained by sufficient evidence, and is contrary to the weight of evidence," and the plaintiff appeals

*Stockton & Keenan*, for appellant.

*Anderson & Eaton*, for appellee.

SEEVERS, J.—I. Neither party excepted to the instructions of the court, and therein the court said to the jury that "defendant admits that he received $351 on the contract, but denies that he received more than this. In settling the account, you must allow the plaintiff at least that amount." The court further instructed the jury in relation to the refusal of the plaintiff to receive the corn, and left it to the jury to say whether the contract had been rescinded by the acts and conduct of the plaintiff. The jury must have found that the contract had not been rescinded, and it is quite evident that the jury decided that the plaintiff was not entitled to recover any sum as damages for the failure to deliver the corn. The defendant delivered a part of the corn. We have some difficulty in determining from the evidence the number of bushels; but counsel for the appellant state in their argument that the quantity delivered was one hundred and ninety-nine bushels and six pounds. This is not denied by counsel for the defendant, and, we therefore assume it to be correct. At the contract price, the corn so delivered will not amount to more than $52.26, which, deducted from the $351 which defendant admits he received, leaves $298.74, which sum, with interest, the plaintiff, under the instructions of the court, was

*1. PRACTICE: new trial: evidence to sustain verdict.*

clearly entitled to recover. The court instructed the jury that the plaintiff would be entitled to interest from the time the contract was terminated; and the jury must have found, under the evidence, that this was May, 1881. The trial was on October 20, 1883. The plaintiff was, therefore, entitled to interest on $298.74 for the period of two years and five months, at six per cent, which would amount to at least the sum of $43.21, which, added to $298.74, amounts to $341.95, being a few cents more than the verdict.

There is not the slightest conflict in the evidence in relation to the facts above stated. The verdict might have been for more, but it could not, under the instructions of the court, have been for less. If there had been a conflict in the evidence, the judgment of the district court could not have been disturbed, under the settled practice of this court; but, as no such conflict exists, and the substantial correctness of the verdict can be demonstrated by a mathematical calculation, the district court has no discretion in the premises, and therefore erred in granting a new trial.

II. After the motion for a new trial had been sustained, the plaintiff filed a motion asking the court to re-examine the question determined. This motion was over-ruled. It is insisted by counsel for the defendant that by filing such motion the error in granting a new trial was waived. No authority is cited, but we suppose counsel rely on the class of cases in which it is held that by filing an answer an error committed in overruling a demurrer to the petition is waived. There is a clear distinction, we think, between such cases and this. In the case at bar, no new pleading was filed, and the court was simply asked to correct an error, the facts being precisely the same as when the error was committed. The court could have done this on its own motion, and the plaintiff waived nothing by asking the court to reconsider the question. The cause will be remanded, with directions to enter judgment on the verdict. REVERSED.

2. ———: error in granting new trial: not waived by motion to reconsider.