Frank Williams v. The State of Florida.—Opinion of Court.

FRANK WILLIAMS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—MANSLAUGHTER BY DEATH OF UNBORN CHILD.

The crime of manslaughter, under our statute, involved in the wilful killing of an unborn quick-child by injury to the mother, is sufficiently made out where the injury to the mother, that results in the death of the child, is inflicted upon her under such circumstances as would have made it murder had the injury resulted in the death of the mother instead, simply, of producing the death of the child.

Writ of Error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion of the court.

*E. M. Hopkins* for Plaintiffs in Error.

*William B. Lamar, Attorney General,* for the State.

TAYLOR, J.:

Frank Williams, the plaintiff in error, was indicted, tried and convicted at the Spring term, 1894, of the Circuit Court for Leon county, under the provisions of Section 2386 of the Revised Statutes of the crime of manslaughter involved in the wilful killing of an unborn quick-child by injury to the mother thereof, and seeks reversal here of such conviction and sentence by writ of error.

The only error assigned is the overruling of his motion for new trial. The grounds of the motion for new trial were: 1st. That the verdict was contrary to law. 2nd. The verdict is contrary to the evidence.

3rd. The evidence did not sustain the allegations in the indictment that defendant made an assault on the mother with a premeditated design to effect her death.

The provisions of the statute under which the defendant was indicted are as follows: "The wilful killing of an unborn quick-child by any injury to the mother of such child which would be murder if it resulted in the death of such mother, shall be deemed manslaughter."

There is some conflict in the evidence, but, without rehearsing it here, there was an abundance of proof to show that the defendant committed an unprovoked and cruel assault and battery upon his wife, with a club of such dangerous dimensions as that the production of death might have been feasible with it, his wife, at the time, being in an advanced stage of pregnancy, and the assault and battery being accompanied by threats from him of killing her if her parents did not take her away. The proof shows further, the premature birth and death, within a few hours after the assault and battery, of the child with which the wife was pregnant. The injury to the mother here, that resulted in the premature birth and death of the child, was inflicted upon her by the defendant under such circumstances as would have made it murder had the injury resulted in the death of the mother instead, simply, of producing the death of the child. When this is shown the crime is made out. The evidence being ample to sustain the verdict found by the jury it is not for us to disturb their settlement of its conflicts, weight or credibility.

The judgment of the court below is affirmed.