ROBERT W. SIMMS, APPELLANT, VS. P. C. HODGES, APPELLEE.

#### CONCLUSIVENESS OF VERDICT ON FACTS.

Where the evidence of witnesses for the plaintiff and defendant in a cause is so conflicting that the verdict of the jury necessarily involves a settlement of the question of credibility between the different witnesses, this court, upon appeal, can not disturb such verdict upon the facts of the case.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

Call & Adams, for the Appellant.

No appearance for the Appellee.

TAYLOR, J.:

The appellant, as plaintiff below, sued the appellee in the Circuit Court of Duval county by attachment. The grounds for the attachment, as set out in the affidavit therefor being: "that the defendant is actually removing his property beyond the limits of the State of Florida, to the State of Georgia; and is fraudulently disposing of his property for the purpose of avoiding the payment of his just debts and demands." Upon a traverse of this affidavit filed by the appellee, defendant below, the issue was tried before a jury on motion to dissolve the attachment before plea. The jury, upon the evidence offered, found a verdict in favor of the defendant, upon which the attachment was dissolved, and judgment for costs given in favor of the defendant. On the refusal of the court below to grant a new trial upon the grounds:

1st, that the verdict is contrary to the evidence; 2nd, that the verdict is against the charge of the court; 3rd, that the verdict is contrary to law, the plaintiff appeals here.

The only question presented for our determination by the errors assigned, is, does the evidence disclosed by the record present such a case as would authorize our interference with the finding of a jury upon the facts presented? After due consideration thereof, our conclusion is that, the evidence presented for the plaintiff and for the defendant was so conflicting that the finding where the truth lay necessarily involved a settlement by the jury of the question of the credibility of the different witnesses. There was proof that, if believed by the jury, would have sustained their verdict had it been in the plaintiff's favor; but, on the other hand, there is proof that is sufficient to sustain the verdict found in the defendant's favor, when believed, as it seems to have been, by the jury. There is no such manifest preponderance of evidence in opposition to the finding of the jury as would warrant the assumption that their verdict was actuated by improper motives or influences. Under these circumstances, as this court has so often held, we can not interfere. Tallahassee R. R. Co. vs. Macon, 8 Fla., 299; Gaines vs. Forcheimer & Bros., 9 Fla., 265; Coker vs. Merritt's Exor., 16 Fla., 416; Coker & Scheiffer vs. Hayes, Ibid, 368; Nickles & Gautier vs. Mooring, Ibid, 76; Mayo vs. Hynote, Ibid, 673; Pensacola & Georgia R. R. Co. vs. Nash, 12 Fla., 497; Wilson vs. Dibble, 14 Fla., 47; Netso & Bohlen vs. Foss & Schneider, 21 Fla., 145; Sherman vs. State, 17 Fla., 888; Glover vs. State, 22 Fla., 493; Maxwell vs. Agnew, 21 Fla., 154; Williams vs. State, 34 Fla., 217, 15 So. Rep., 760.

The judgment appealed from is affirmed.