JAMES L. REDDICK, APPELLANT, VS. MOSES JOSEPH, APPELLEE.

1. Where there have been two consecutive trials of a case, and two verdicts for the defendant, and a third trial granted the plaintiff, and where the record does not disclose the testimony on the first trial, but does show that the evidence on the second trial was conflicting, the action of the trial judge, in granting the third trial, will not be disturbed on appeal, as being an abuse of a sound judicial discretion.

2. An application to a Judge of the Circuit Court for a change of venue in a cause based on what purports to be an affidavit, but not sworn to, will not authorize a change of venue in the cause; and if the court does order a change of venue on such an application, it will be an abuse of a sound judicial discretion.

Appeal from the Circuit Court for Walton county.

Statement of facts applicable to the assignments of error.

Moses Joseph brought an action of assumpsit against J. L. Reddick and Daniel J. Williams, as late partners under the firm name and style of Reddick & Williams, in the Circuit Court of Washington county, Florida, on the 13th day of February, 1888. Pleas were filed by defendant J. L. Reddick and issue joined thereon. At the Fall term, 1888, the case was tried, and the jury rendered the following verdict, viz : "We, the jury, find for the defendant. J. L. Reddick. We, the jury, find for the plaintiff the sum of three hundred and seventy-nine and 34-1000 dollars, against defendant, Daniel J. Williams. Nov. 10th, 1888. T. H. Harman, Foreman." Upon the rendition of the verdict the plaintiff made a motion for a new trial on the following grounds, viz: "The verdict of the jury is contrary to the law, evidence and charge of the court, and against the preponderance of the evidence." The court granted the motion. No exceptions were taken during the trial, and there is no bill of exceptions showing the testimony on the trial.

At the Spring term, 1889, the case was again tried, and the jury rendered the following verdict, viz: "We, the jury, find for the defendant. J. W. McKinne, Foreman." The plaintiff entered a motion for a new trial on the following grounds, viz: "1st. Because the verdict of the jury is against the evidence, law, and charge of the court. 2nd. Because the verdict of the jury is against the weight of the evidence, and without evidence to support it." The court granted this motion, to which the defendant excepted, and was allowed thirty days to present a bill of exceptions. A motion was then made by the plaintiff for a change of

venue, which was continued. A bill of exceptions was in due time settled and signed.

It is unnecessary to set forth the evidence as disclosed by the bill of exceptions, and is sufficient to say that upon the issues presented by the pleadings, it was conflicting.

The application for a change of venue was based alone upon what purports to be an affidavit of one W. D. Affleck, and is stated in the record in the following words and figures, *viz:* "And thereupon, to-wit: upon the 18th day of May, 1889, the plaintiff entered a motion for a change of venue, based upon the affidavit which is in the words and figures following, to-wit:

STATE OF FLORIDA, }
WASHINGTON COUNTY. }

Personally appeared before me W. D. Affleck, who being duly sworn says that he is the agent of Moses Joseph, of Columbus, Georgia; that there is a suit pending in the Circuit Court of said county, wherein Moses Joseph is plaintiff, and James L. Reddick and Daniel J. Williams, partners as Reddick & Williams, are defendants; that he as the agent of said Joseph was the one who authorized said suit, and is more familiar with the facts of the case than the said Joseph is; that there has been two trials of said suit in said county and verdicts rendered for the defendants, and new trials granted; that he fears that the plaintiff will not receive a fair trial in said court, for the reason that the defendants have an undue influence over the inhabitants of said county; that they have heretofore been merchants in said county, doing a large business among the inhabitants of the county, extending credits and other favors to their customers and patrons, and one of them is a large stock owner in the county,

and has a number of men tending his flocks; that he and his counsel have heard repeated remarks to the effect that plaintiff could never get a jury in the county that would give him a verdict in the case. He therefore prays that a change of venue be granted in the case to Jackson county, Florida.

W. D. AFFLECK.

Sworn to and subscribed before }
me this 16th day of May, 1889." }

This application was afterwards heard and an order was made by the Judge in the following words and figures, *viz:*

"Moses Joseph vs. James }
L. Reddick and Daniel J. }
Williams, partners as Red- }
dick & Williams. }

This cause coming on to be heard by consent of counsel, upon motion for a change of venue, after hearing arguments of counsel for respective parties, it is ordered that the venue in this cause be changed from Washington county Circuit Court to the Circuit Court of Walton county, Florida; and the clerk of the court is hereby directed to send forward the papers in this suit by some fit and proper person to said Circuit Court of Walton county.

25th May, 1888.

J. F. McCLELLAN,
Judge 1st Jud. Ct. Florida."

Afterwards there were other pleadings and proceedings, a trial of the case at the Spring term, 1890, of the Circuit Court of Walton county, a verdict and final judgment for the plaintiff. The defendant moved for a new trial, which was denied; exceptions to the ruling of the court were taken by him, an appeal entered, and a bill of exceptions was settled and signed by the

judge. There being a severance in the case, an appeal is prosecuted solely by appellant, J. L. Reddick.

The other facts of the case are stated in the opinion of the court.

*Liddon* and *Carter*, for Appellant.

*Daniel Campbell*, for Appellee.

Judge W. A. Hocker, of the Fifth Judicial Circuit, sat in the place of Mr. Justice Liddon, disqualified.

HOCKER, Circuit Judge, (after stating the facts.)

The first assignment of error is as follows, *viz:* "The court erred in granting the motion of appellee for a new trial on May 17th, 1889, at the Spring term of the court for Washington county."

In support of this assignment the appellant's attorneys, in their brief cite the Pensacola and Georgia Railroad Company vs. Nash, 12 Fla. 497, and Wilson vs. Dibble, 14 Fla. 47. In the first of these cases there had been three trials, the first in 1861, resulting in a mistrial, the jury having failed to agree upon a verdict; the second in 1866, resulting in a verdict for the plaintiff, upon which a new trial was granted upon the same grounds upon which a new trial was then urged; and a third trial in March, 1868. The court say: "If in the case at bar it appears that the verdict was founded upon a consideration of conflicting testimony as to the material facts, we can not disturb it, even though we might have come to a different conclusion." They further say, "the testtmony was not conflicting as to any material fact;" and concluded, "In our judgment the verdict of the jury was contrary to law and to the evidence, and the judgment must be reversed and a

new trial awarded." In the second case the court say: "It is generally with great reluctance that courts set aside the verdict of a jury upon a consideration of the testimony alone; and a second verdict, *upon the same facts*, although the judges may have come to a different conclusion, is too strongly fortified by the deliberate judgment of twenty-four men, to be disturbed except for strong reasons." In this case this court refused a new trial and affirmed the judgment. In the case at bar, it must be noticed that the record does not set forth the facts proven at the first trial. We do not know whether they were the same as, or different from, those shown on the second trial—whether the proof prepondered greatly in favor of the plaintiff or of the defendant, or was simply conflicting, or whether defects or infirmities appeared. Again this is not an appeal from an order refusing a new trial, but from an order *granting* one, and we take it to be a sound principal that the trial court's decision should always be presumed to have been in accordance with the justice and merits of the case, unless the contrary plainly appears by the record. Undoubtedly the trial judge has better opportunities for determining whether the justice and merits of a case have been met, than an appellate court can have, to observe the conduct of the parties, and the appearance and manner of the witnesses. The power of a trial judge to grant any number of new trials where the verdict is not supported by the evidence, or is against the great preponderance of the evidence, or against the law, or where improper methods have been resorted to to obtain a verdict, or where the court has committed errors in the course of the trial, except where that power has been abridged by statute, is generally upheld by the courts. The order of the trial judge granting a new trial should

not be disturbed unless it appears affirmatively from the record that there has been an abuse of a sound discretion, or that some settled principle of law has been violated. We do not deem it necessary to say what would be the judgment of the court if the record showed that the first and second verdicts for the defendant were based on the same proof, as the record does not show affirmatively what the proof was on the first trial. It is not shown that the trial judge did not. exercise a sound judicial discretion in granting the motion for a new trial, after the second verdict, and therefore we do not think the first assignment of error is sustained.

The next, and only other assignment of error, which, in view of our conclusion, it is necessary to consider, is the second, which is in the words, *viz:* "The court erred in granting the motion of appellee for a change of venue to Walton county." The statute on which the application was made is found on page 837, sec. 112, of McClellan's Digest, and we quote so much thereof as is pertinent: "In all suits cognizable in the Circuit Courts when either of the parties shall fear that he will not receive a fair trial in the court where it is defending, on account of the judge of the court, where the suit is defending being interested or prejudiced, or that the adverse party has an undue influence over the minds of the inhabitants of the county where the suit is defending, or that the petitioner is so odious that he can not expect a fair trial, the said party may *petition* the judge of the court for a change of the venue of such cause, *distinctly* setting forth the *cause* of such fear, and supported by *his* affidavit. or affirmation, previous notice of such application and of the time and place of hearing the same, being given to the adverse party, or his attorney, on which peti-

tion the judge may under his hand, award a change of venue, and order the clerk of the court," etc.

It appears from the record that there was before the judge, at the hearing of the application for a change of venue, only what purports to be an affidavit of W. D. Afflick, representing himself as agent of the plaintiff, which concludes with a prayer for a change of venue to Jackson county. There are no affidavits or other proof sustaining its allegations. The record does not show that the contents of this paper were sworn to before any officer whatever, authorized to administer oaths. The statute provides that the party fearing he will not receive a fair trial and desiring a change of venue "may *petition* the judge of the court for a change of the venue of such cause, *distinctly setting forth the cause* of such fear, and supported by *his* affidavit or affirmation," etc. Without meaning to decide whether the so-called affidavit was in other respects sufficient, it is plain that it should affirmatively appear that it was sworn to. This court, in the case of Greeno vs. Wilson, 27 Fla., page 498, uses this language: "The established doctrine of the courts is not to disturb the provident exercise of a sound discretion in the courts below in the granting or refusing of applications for a change of venue, it being a matter placed by the statute within the judicial discretion of the court, still, the exercise of such discretion is a subject of review by the appellate court, and it will interfere where there is a palpable abuse or grossly improvident exercise of the discretion imposed."

The petition required by the statute to be supported by affidavit or affirmation, must be sufficient to authorize a transfer of the cause. If these requisites are wanting, the order of the judge transferring the cause is without authority of law, and amounts to such an

abuse of judicial discretion as must be corrected on appeal. A consideration of the record convinces us that the action of the court in changing the venue to Walton county was such an abuse of a sound judicial discretion, and the second assignment of error should be sustained.

It is therefore ordered that the judgment appealed from be reversed and that the mandate of this court be forwarded to the Circuit Clerk of Walton county with directions that it, together with all the papers in the cause, be transmitted to the Circuit Clerk of Washington county, where such other and further proceedings shall be had therein as though no order for a change of venue had ever been made.