JOHN BROWNING, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—When Appellate Court Will Reverse on the Evi-
dence—Appellate Practice—Evidence on Motions Must be Ex-
hibited by Bill of Exceptions.

1. An appellate court will not set aside a verdict as being against
the evidence where there is any evidence to support it, unless
it may well be assumed that the jury were improperly influ-
enced by considerations outside of the evidence; and a verdict
will not ordinarily be set aside by such court where its pro-
priety depends entirely upon the credibility of conflicting wit-
nesses.

2. Evidence used or presented in support of a motion for new trial
must be exhibited to an appellate court in and by a bill of ex-
ceptions, otherwise such court can not consider it.

Writ of error to the Circuit Court for DeSoto coun-
ty.

The facts in the case are stated in the opinion of the
court.

*Isaac H. Trabue* (C. C. Morgan upon brief), for Plain-
tiff in Error.

*The Attorney General*, for Defendant in Error.

TAYLOR, C. J.:

At the Spring term, 1898, of the Circuit Court for
DeSoto county the plaintiff in error was convicted of
the crime of larceny of a hog, and sentenced to impris-
onment in the penitentiary for one year, and for re-
versal of such sentence applies here by writ of error.

Two errors are assigned, that really amount to but
one, *viz*: That the court erred in denying the defend-
ant's motion for new trial: First, because the verdict

was not founded upon the weight of evidence, and because the evidence is insufficient to support the verdict; second, because the motion for new trial should have been granted because of newly discovered evidence.

It has been repeatedly held by this court that where there is any evidence to support the verdict it will not be set aside by the appellate court as against the evidence, unless it may well be assumed that the jury were improperly influenced by considerations outside of the evidence; and that a verdict will not be set aside by such court where its propriety depends entirely upon the credibility of conflicting witnesses. Tallahassee Railroad Co. v. Macon, 8 Fla. 299; Gaines v. Forcheimer, 9 Fla. 265; Wilson v. Dibble, 14 Fla. 47; Schultz v. Pacific Ins. Co., *ibid.* 73; Shaw v. Newman, *ibid.* 128; Moses v. Gilchrist, *ibid.* 325; Nickels and Gautier v. Mooring, 16 Fla. 76; Coker v. Merritt, *ibid.* 416; Forcheimer v. Mayo, *ibid.* 676; Sherman v. State, 17 Fla. 888; McMurray and Brittain v. Basnett, 18 Fla. 609; Huling v. Fla. Savings Bank and Real Estate Exchange, 19 Fla. 695; Netso and Bohlen v. Foss & Schneider, 21 Fla. 145.

We think that the evidence for the State in this case was ample to sustain the verdict found. The testimony for the defendant conflicted with it in some respects, but the jury, who are the exclusive arbiters of the credibility of witnesses, have given their decision on the side of the witnesses for the State, and under the long and well settled rule above announced we can not disturb their solution of it, there being nothing in the record indicative of their verdict having been induced by improper influences outside of the evidence before them.

Upon the second contention, that the motion for new trial should have been granted on the ground of newly discovered evidence, the court below was not in

error, and this for several reasons. So far as anything in the record before us is *properly* shown so that we are authorized to consider it, there was nothing before the trial court upon which to base the claim of newly discovered evidence except the bare statement of such ground in the motion for new trial itself. In Sherman v. State, 17 Fla. 888, it was correctly held that an application to set aside a verdict and grant a new trial on the ground of newly discovered testimony must be accompanied with some evidence that such testimony actually exists. Copied into the transcript of the record is an affidavit of a party purporting to detail the alleged newly discovered evidence, but the bill of exceptions does not contain such affidavit, nor any mention as to whether it or any other affidavit was presented to the judge below in support of the newly discovered evidence ground of the motion for new trial. If the plaintiff in error really used this or any other evidence before the Circuit Judge to sustain the motion for new trial, the only way that he could properly exhibit such fact and the evidence used was to have incorporated it into the bill of exceptions. Without the evidence of it in a bill of exceptions an appellate court is not authorized to recognize or consider it. 2 Ency. Plead. & Prac., pp. 270, 271, and numerous citations; Merchants' Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 22 South. Rep. 685. But even if we were permitted to recognize the affidavit copied into the record, purporting to sustain this ground of the motion for new trial, it wholly failed to come up to any of the requirements of the rule governing the showing necessary to be made in order to secure a new trial because of newly discovered evidence. It even fails to show that the proposed new evidence was not all along fully known to the defendant. Milton v. Blackshear, 8 Fla. 161; Coker v. Merritt, 16 Fla. 416;

Simpson & Co. v. Daniels, *ibid.* 677; Howard v. State, 36 Fla. 21, 17 South. Rep. 84.

Some contention is made in the briefs of the defendant in error that the indictment is fatally defective in giving no other more particular description of the animal stolen than that of "one hog, of the goods and chattels of," &c., (giving the name of its owner.)     This contention is settled adversely to the defendant in Mizell v. State, 38 Fla. 20, 20 South. Rep. 769.

Finding no error in the record, the judgment of the court below is hereby affirmed.