W. J. FARRELL, PLAINTIFF IN ERROR vs. ANTONIO SOLARY, DEFENDANT IN ERROR.

NEW TRIAL.—When order granting will be reversed by appellate court under section 1267 Revised Statutes.

A trial court should not grant a new trial on the ground that the verdict is not supported by the evidence where there is material conflict in the evidence, unless the weight of the testimony so clearly preponderates against the verdict found as to require its annulment in order to meet the demands of justice. But trial courts, of necessity, are vested with a discretion in granting or withholding new trials. And where they grant one on the ground that the evidence does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court, acting under the statute (section 1267, Revised Statutes) authorizing writs of error from orders granting new trials, will not reverse such order unless it is affirmatively and clearly made to appear, from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated. Simply because an appellate court, from the showing made in the record before it, might not have granted the new trial had it acted in the first instance in place of the trial judge, or because it would not under the same circumstances have disturbed a ruling denying such new trial, furnishes no reason of itself to an appellate court for reversing an order of a trial judge granting a new trial.

Writ of Error to the Circuit Court for Duval County.

*Statement.*

The plaintiff in error, Farrell, sued the defendant in error, Solary, in assumpsit in the Circuit Court of Duval county, upon a promisory note as follows:

$225.00.  Jacksonville, Fla., June 16th, 1893.

Ten (10)

~~Thirty~~ days after date I promise to pay to the order of myself two hundred and twenty-five dollars with interest after maturity at the rate of ten per cent. per annum until paid, for value received; negotiable and payable at the Southern Savings and Trust Company, and, if not paid at maturity, this note may be placed in the hands of an attorney at law for collection, and in that event it is agreed and promised by the makers and endorsers, severally, to pay an additional sum of ten per cent. for attorney's fees.  Cromwell Gibbons.

Endorsed on back,      Cromwell Gibbons.
        . .           A. Solary.
                      W. J. Farrell.

The first count of the declaration, after reciting the making of said note by Gibbons, alleges in substance, that Gibbons endorsed the same to Antonio Solary and that the latter endorsed same to the plaintiff, and that the same was duly presented for payment at its place of payment, but was not paid at its maturity and was dishonored, whereof the defendant Solary had due notice but did not pay same, and the same was placed in the hands of an attorney for collection, whereby Solary became bound to the plaintiff for the principal and interest of said note and an additional sum of ten per cent. of the aggregate of said principal and interest for attorneys' fees.

The second count of the declaration, after alleging the making of said note by Gibbons, charges that the

said defendant, Solary, before the negotiation of said note and the delivery thereof to the plaintiff, endorsed said note for the purpose of giving said Cromwell Gibbons faith and credit with the plaintiff, and thereby promised to pay said note if not paid by the said Gibbons at maturity, and the said Gibbons endorsed said note to plaintiff, and the said note was duly presented for payment at its place of payment, but was not paid at maturity and was dishonored, whereof the defendant Solary had due notice but did not pay the same, and the same was placed in the hands of an attorney for collection whereby said defendant became bound to pay plaintiff the principal and interest thereof and an additional sum of ten per cent. of the aggregate thereof for attorneys' fees.

The declaration also contained the common counts for money paid out and expended, money lent, and account stated. To this declaration the defendant Solary interposed the following pleas: 1. That said note was not duly presented for payment and dishonored as set up in said declaration.

2. That he did not have due notice that said note was not paid at maturity and was dishonored as set up in said declaration.

3. For pleas to so much of said counts, severally, as claim an attorney's fee says that this defendant did not promise that if said note was not paid at maturity said note might be placed in the hands of an attorney for collection, and in that event to pay the sum of ten per cent. attorney's fee as set up in said declaration.

4. And for plea to the second count this defendant says that he did not, before the negotiation of said

note and delivery thereof to the plaintiff endorse said said note; that on the contrary, said Gibbons endorsed said note before this defendant did.

5. That said alleged promissory note sued on was altered after this defendant endorsed the same, in this, that it was made payable by alteration thereof ten days after date, instead of thirty days after date.

Never was indebted was plead to the common counts.

Issue was joined upon all the pleas except the one alleging alteration of the note, and to this a replication was filed, alleging that the defendant, Solary, consented to and ratified the change of said note in said plea mentioned, and that said note as sued upon is the obligation of the defendant. To this replication the defendant rejoined alleging that he did not consent to and ratify said alteration as set up in the replication.

Upon the issues joined the case was submitted to a jury who returned a verdict in favor of the plaintiff for $281.75 and costs. Thereupon the defendant moved for a new trial upon the following grounds:

1. The verdict is not supported by the evidence.

2. The verdict is contrary to the evidence.

3. The verdict is contrary to the charge of the court.

4. The verdict is not consistent with the charge of the court.

5. Under the law as given by the court, and the evidence introduced in this case, the verdict should have been for the defendant. This motion for a new trial was granted by the court, and from this order, under our

statute, the plaintiff below sues out writ of error. The other facts are stated in the opinion of the court.

*T. M. Day, Jr.,* for Plaintiff in Error.

*A. W. Cockrell & Son for D*efendant in Error.

Taylor, C. J. (*after stating the facts.*)

The only error assigned is the order granting the defendant's motion for new trial. Orders granting new trials may now be reviewed on writ of error without a final judgment in the cause, under the provisions of section 1267 of the Revised Statutes as follows: "Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court: which said review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail." Substantially the same provision of law prevails in many of the American States, and the rules for the government of the appellate courts in reviewing such orders are practically well-settled. Thus in the case of Hicks v. Stone, 13. Minn. 434, it is said: "The appellants insist that these cases are to be decided by this court as if the motions for a new trial were made here *de novo,* and that the granting of a new trial is not a matter of 'discretion in the presiding judge but to be determined by this court upon the rules and

principles governing such motions, without regard to the
opinion of the court below.' To this we do not agree.
As the statute confers the right of appeal from an order
by which a new trial is granted on account of the insuf-
ficiency of the evidence to justify the verdict, it is obvi-
ous that cases are contemplated in which it will be the
duty of the appellate court, upon a careful review of the
evidence reported, to reverse the order appealed from.
If this is not so, if the opinion of the presiding judge
upon the weight of evidence is conclusive in all cases,
then the right of appeal is a delusion, and the legislature
in pretending to confer the right, would be convicted of
trifling with the administration of justice, an idea not to
be entertained. But while the appellate court can look at
the return only, the judge before whom the action is
tried at nisi prius, observes the demeanor of the wit-
nesses, listens to the arguments of counsel, notes what
topics are presented to the jury, and with what force and
ingenuity, in short, he witnnesses the whole conduct of
the trial and thus enjoys peculiar facilities for estimating
the effect which will naturally be produced upon the
minds of the jury, and for forming a judgment upon the
real merits of the controversy. In view of these facts
we conceive that the opinion of the presiding judge upon
the sufficiency of the evidence to justify a verdict is en-
titled to great weight with this court, where it is called
upon to review an order granting a new trial. In such
cases the duty imposed upon this court is difficult, embar-
rassing and delicate, but it is a duty from which we have
neither the desire or the right to shrink. In our judg-
ment, however, we should not be warranted in reversing
an order of this kind simply because, if the judge below

had refused to grant a new trial we should have felt bound to sustain him; nor because there was evidence reasonably tending to support the verdict; nor because, if the motion for a new trial had been made before us in the first instance, we should upon a consideration of the evidence and its preponderance have denied the motion. But if upon a careful perusal of the testimony and upon mature reflection, we feel satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, we should then deem it our duty to reverse an order granting a new trial. To do otherwise, would be to permit a judge to usurp the functions of a jury, and to ignore the line of distinction which separates the legitimate province of the one from that of the other." And again in Rheiner v. Stillwater St. Ry. & Tr. Co., 29 Minn. 147, 12 N. W. Rep. 449, reaffirming the case last quoted from, it is said: "The matter of granting or refusing a new trial on the ground that the verdict is against the evidence, is, within certain established rules, largely within the discretion of a trial court, and the power of reversing its action will be exercised by an appellate court with caution, and not unless the trial court has abused its discretion." In the case of Ruffner v. Hill, 31 W. Va. 428, 7 S. E. Rep. 13, it is said that "the trial court may in the exercise of a sound discretion set aside the verdict of a jury and award a new trial in a case, where the evidence is contradictory: but this discretion in such case should always be exercised with great caution, and a new trial granted only where the verdict is against the weight of evidence. Where a new trial has been granted in such case, the opinion of the trial court is entitled to peculiar respect, and the apel-

late court ought not to interefere with the order granting the new trial, unless, upon an examination of the whole evidence, it finds a clear preponderance of evidence in favor of the verdict. It is the constant practice in such cases to refuse to disturb such order, even where the court would have done the same thing had a new trial been denied." In Sperry v. Spaulding, 49 Cal. 252, it is said that "it is the settled rule that an order granting a new trial for insufficiency of evidence to support the verdict will not be disturbed here when the evidence is shown to be conflicting in its character." Downey v. Hellman, 58 Cal. 62. In Treadway v. Wilder, 9 Nev. 67, it is said that "the court below ought not to grant a new trial when there is conflicting evidence, except the weight of evidence clearly preponderates against the verdict. But when the court grants a new trial, the appellate court will not interfere unless the weight of evidence clearly preponderates against the ruling of the court." Anderson v. Cahill, 65 Iowa 252, 21 N. W. Rep. 593. In School District v. Bishop, 46 Neb. 850, 65 N. W. Rep. 902, it is held that "the granting of a new trial is largely within the discretion of the trial court. A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it." And in case of Reddick v. Joseph, 35 Fla. 55, 16 South Rep. 781, it is held that "the order of the trial judge granting a new trial should not be disturbed unless it appears affirmatively from the record that there has been an abuse of a sound discretion, or that some settled principle of law has been violated." From these and other cases that we have examined the following rule may be deduced: A trial court should not grant a new trial on the ground

that the verdict is not supported by the evidence where there is material conflict in the evidence unless the weight of the testimony so clearly preponderates against the verdict found, as to require its annulment in order to meet the demands of justice. But trial courts, of necessity, are vested with a discretion in granting or withholding new trials. And where they grant one on the ground that the evidence does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court will not reverse such order unless it is affirmatively and clearly made to appear, from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated. Simply because an appellate court, from the showing made in the record before it, might not have granted the new trial had it acted in the first instance in place of the trial judge, or because it would not under the same circumstances have disturbed a ruling denying such new trial, furnishes no reason of itself to an appellate court for reversing an order of a trial judge granting a new trial. The motion for new trial granted in this case was upon the ground, among others, that the verdict was not supported by the evidence and was contrary thereto.

A material issue in the case was as to whether an admitted material alteration in the time of payment in the note sued on, made subsequently to its endorsement by the defendant, Solary, had been consented to and ratified by him. Upon this material issue in the case there were but two witnesses, the defendant Solary himself,

and Cromwell Gibbons, the principal maker of the note. Gibbons testified that the note when endorsed by Solary was payable thirty days after its date, but that in Solary's absence it was subsequently altered by him so as to be payable in ten days after date, but that after so altering it he took it to Solary who consented to such alteration, thus ratifying it. Solary on the other hand flatly denied consenting to or ratifying such alteration. Under these circumstances, in the absence of any definite statement of the precise ground upon which the order was predicated, and in the absence of any clear preponderance of evidence against the ruling of the court we can not, in a case where there has been but one verdict, adjudge the ruling of the Circuit Judge to be an abuse of the discretion with which he is vested.

As the order must be affirmed upon the grounds already discussed it becomes unnecessary to consider other features of the motion for new trial that have been presented in the briefs.

The order of the Circuit Court is hereby affirmed at the cost of the plaintiff in error.