457 So.2d 959 (1984)
STATE of Mississippi
v.
Donald Wayne WILLIS.
No. 55090.
Supreme Court of Mississippi.
October 10, 1984.
Philip Singley, Former Dist. Atty., Alfred B. Jernigan, Jr., Richard L. Douglass, Columbia, for appellant.
Fred Cooper, Columbia, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Donald Wayne Willis was indicted June 4, 1982, in the Circuit Court of Marion County, Mississippi, on a charge of manslaughter for the death of an unborn quick male child. The trial judge sustained a demurrer to the indictment and the State of Mississippi has appealed to this Court assigning one error in the trial below, viz, the lower court errred in sustaining a demurrer to the indictment.
The charge of the indictment follows:
DONALD WAYNE WILLIS
did wilfully, unlawfully and feloniously kill and slay a certain human being, to-wit: an unborn unnamed quick male child of one Brenda McLendon, by then and there wilfully, unlawfully and feloniously and of his malice aforethought killing and murdering Brenda McLendon, a human being, contrary to and in violation of Section 97-3-19 (1)(a) of the Mississippi Code of 1972, as amended, said charge of manslaughter being contrary to and in violation of Section 97-3-37 of the Mississippi Code of 1972, as amended; ...
*960 The indictment was drawn under Mississippi Code Annotated § 97-3-37 (1972):
The wilful killing of an unborn quick child, by an injury to the mother of such child, which would be murder if it resulted in the death of the mother, shall be manslaughter.
In considering the question presented to the Court, we are concerned only with the legal sufficiency of the indictment and the interpretation of the above section.
No Mississippi cases have been cited interpreting the statute, and the parties agree that the question is one of first impression in this state. Other jurisdictions have statutes similar to the Mississippi statute, and have upheld the statute in cases where the mother survived. State v. Harness, 280 S.W.2d 11 (Mo. 1955); Passley v. State, 194 Ga. 327, 21 S.E.2d 230 (1942); Williams v. State, 34 Fla. 217, 15 So. 760 (1894). However, a case such as here, where the mother died and an indictment was returned and prosecution followed for the death of the child, has not been cited to us.[1]
The argument of the appellee is tantamount to the position that, if the mother dies from an assault, or injury, the two-fold crime merges into one crime of murder. The argument concedes that, if a person assaulted the mother, but she survived, the assailant could conceivably be convicted of aggravated assault, and, if the assault resulted in the death of the unborn child, he could be tried and convicted for manslaughter, viz, two separate crimes. We think the same reasoning applies, in the event the mother died from such aggravated assault, viz, there could be separate charges of murder for the death of the mother and manslaughter for the death of the unborn child. We so interpret and construe the statute, Section 97-3-37, and hold that the trial judge erred in sustaining the demurrer to the indictment. Therefore, the judgment of the lower court is reversed and the case is remanded for trial on its merits.[2]
REVERSED AND REMANDED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Appellant also was indicted for the murder of Brenda McLendon, the mother, was convicted, and sentenced to life. That case is on appeal to this Court.
[2] Of course, we do not know what the proof on behalf of the State will show at a trial, nor do we know whether or not the State can prove the charge as laid in the indictment.