DAVIS CLARY, *Plaintiff in Error,* v. J. M. ISOM, *Defend-ant in Error.*

1. A mere conflict in the evidence does not compel a reversal of an order granting a new trial upon the first verdict.

2. The rule laid down in Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283, to govern this court in its decision upon error to orders granting new trials reaffirmed and applied.

3. Evidence examined and found sufficient to authorize the trial court to grant a new trial.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis* and *Daniel Campbell & Son,* for plaintiff in error;

*Avery & Avery,* for defendant in error.

COCKRELL, J.—This writ of error is directed to an order granting a new trial, following a verdict for the defendant, and was sued out in evident misconception of the rule governing appellate courts in such cases.

The decisions cited to us are all cases where the trial court having concurred in the verdict of the jury, this court refused to interfere.

When, however, the trial court sets aside that verdict and we are called upon to exercise the power conferred by statute, to review that action, the rule is not whether there might not be evidence to support the verdict, but whether that evidence preponderates so clearly and palpably in support of the verdict as to make it affirmatively to appear that the trial judge has abused the discretion with which he is vested, or that some settled principle of

law has been violated. It is not enough that we, had we acted in the first instance, might have reached a different conclusion. Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286. As in the cases cited there has been but one verdict in this case.

There is no claim that the evidence clearly preponderates in favor of the verdict, but only that there is a conflict.

The case in short is this—the issue was a failure of consideration upon a note given on the sale of mill machinery, and the main question was whether the purchaser had notice that there was a lien on the machinery and that the sale was subject thereto. Upon this point the defendant himself testified that he had no notice, while three witnesses for the plaintiff testified as to notice. There was also evidence that the market price of the machinery was three thousand dollars while this purchase money note was for eleven hundred dollars.

We cannot therefore find such abuse of discretion in the grant of a new trial as to call for our interference, and as no settled principle of law appears to have been violated, the order granting a new trial is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.