JAMES M. CHANCEY and ROBERT B. LEVINS, *Plaintiffs in Error*, v. JAMES A. WILLIAMS, *Defendant in Error*.

The grant of a new trial upon conflict of evidence and a compromise verdict will not be disturbed, even though the affidavit upon the ground of newly discovered evidence does not come up to the rule.

This case was decided by Division A.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*W. E. Leitner,* for plaintiffs in error;

*Elam B. Carlton,* for defendant in error.

COCKRELL, J.—This is a writ of error directed to the granting of a new trial.

The plaintiffs declared upon common counts and upon a count for trees cut by them for the defendant at his request. The pleas were payment and that the plaintiffs cut "2385 saw logs at eight cents per log and that he has paid them one hundred and ninety dollars which is full payment for all logs delivered to or received by him;" issue was joined upon both pleas. The plaintiffs admitted this payment but gave evidence as to the delivery and acceptance of a larger number of logs, and secured a partial verdict.

The two plaintiffs each testified that they cut 4743 logs for the defendant, but neither say that these logs were delivered to or accepted by the defendant. The defendant and two employees testify that only 2385 logs were accepted. The jury, by its verdict, evidently believed neither side. If the plaintiffs' testimony was correct, the verdict should have been for the total claim, $189.44, while if the defendant's testimony prevail, there should have been no recovery, and yet the jury gave its verdict for $94.72, cutting the claim exactly in half. Such verdict could not have special binding force upon the conscience of the trial judge.

Under these circumstances the court after the reading of affidavits upon the motion for a new trial, showing that other evidence might be secured, exercised its discretion and determined to submit the issues to another

jury. When a new trial is granted we are not held down to the strict rules governing the showing to be made to secure a new trial upon the ground of after-discovered evidence, where the motion is denied. The power conferred upon us to review the grant of a new trial is a delicate one; and we have heretofore laid down the rules to govern us in its exercise. Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283; Clary v. Isom, 55 Fla. 384, 45 South Rep. 994; Jones v. Jacksonville Electric Co. 56 Fla. 452, 47 South. Rep. 1.

The order is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.