SALLIE ACOSTA, *Plaintiff in Error*, v. MARY F. GINGLES *et al., Defendants in Error.*

Opinion Filed June 9, 1913.

1. A motion for new trial is addressed to the sound judicial discretion of trial courts, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record.

2. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmative-

ly from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

3. When the trial court grants a motion for new trial and one of the grounds of the motion is that the verdict is not supported by the weight of the evidence, and it does not appear upon what ground the motion was granted, and there is conflicting testimony upon a material issue in the cause, the appellate court will not reverse the order where there is no palpable preponderance of evidence in favor of the verdict.

4. Where it does not appear that the transcript contains all the evidence adduced at the trial, an order granting a new trial without stating on what ground it is granted, will not be reversed by the appellate court when one or more of the grounds of the motion question the sufficiency of the probative force of the evidence.

Writ of error to the Circuit Court of Escambia County.

Order affirmed.

*R. P. Reese,* for Plaintiff in Error;

*Reeves & Watson & Pasco,* for Defendants in Error.

WHITFIELD, J.—A writ of error was taken under the statute from an order granting a new trial in an action of ejectment wherein the verdict was for the plaintiff. The only question to be considered is the propriety of the order granting the motion of the defendants for a new trial. There are ten grounds of the motion asserting in varying terms that the verdict is not supported by the evidence, and is contrary to the charge of the

court, and that the court erred in charges given and in not directing a verdict for the defendants.

A motion for new trial is addressed to the sound judicial discretion of trial courts, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

When the trial court grants a motion for new trial and one of the grounds of the motion is that the verdict is not supported by the weight of the evidence, and it does not appear upon what grounds the motion was granted, and there is conflicting testimony upon a material issue in the cause, the appellate court will not reverse the order where there is no palpable preponderance of evidence in favor of the verdict. Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1. See also Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 South. Rep. 786; L. & N. Ry. v. Wade, 49 Fla. 179.

The bill of exceptions contains no certificate by the trial judge as required by Special Rule 1 of the Supreme Court Rules, that the bill of exceptions contains all the evidence introduced at the trial; and, as provided in such rule, "in the absence of such certificate the bill will be treated and taken as one not embracing all the evidence." As the court did not indicate on which one of the grounds of the motion the new trial was granted, the order may have been predicated upon a ground relating to the probative force of the evidence, and as there

is no certificate that the transcript contains all the evidence adduced at the trial, the order granting a new trial must be affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.