HARRY ORCHARD, *Plaintiff in Error*, v. CHARLOTTE HARBOR & NORTHERN RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed November 25, 1913.

When there is a sharp conflict in the evidence upon a vital point, an order granting a new trial upon the first verdict will not be disturbed.

Writ of error to Circuit Court of DeSoto County; J. T. Wills, Judge.

Order affirmed.

*Leitner & Leitner*, for Plaintiff in error;

*Wall & McKay* and *Treadwell & Treadwell*, for Defendant in error.

COCKRELL, J.—This writ of error is directed to an order granting a new trial, following a verdict for the plaintiff Harry Orchard, under a declaration charging the railway company with negligently setting fire to his orange grove. The motion for a new trial contained thirty-eight grounds, and was sustained generally.

The plaintiff in error entirely misconceives the rule of law governing appellate courts in reviewing the order of trial courts in the granting of new trials. A clear statement of the rule was made by this court in Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283, and this rule has governed this court in many published opinions, without any departure or modification. See cases cited in Jones v. Jacksonville Electric Co. 56 Fla. 452, 47 South. Rep. 1; Hainlin v. Budge, 56 Fla. 342, 47 South. Rep. 825, and Beverly v. Hardaway, decided this term. Assuming, as is contended by the plaintiff in error, that the evidence is such that we would not have interfered with the verdict had it met with the approval of the trial court, it does not follow that we should interfere with that broad discretion necessarily vested in that court with its superior opportunities for gauging the credibility of the witnesses personally present, and the many minor incidents of the trial impossible of incorporation into the written record.

There was a sharp conflict in the testimony as to whether the fire was set out by the defendant railway company; further than the ascertainment of this conflict we need not go, and the order setting aside the first verdict based upon such conflicting evidence and granting a new trial will not be interfered with.

Order affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.