THEOLA RUFF, *Plaintiff in Error*, v. GEORGIA, SOUTHERN & FLORIDA RAILWAY COMPANY, *Defendant in Error*.

Opinion Filed March 14, 1914.

1. In an action against a railroad company for damages for personal injuries sustained in the running of a train, under an allegation that the "passenger train was by and through the negligence and carelessness of the defendant in the running of said train, derailed and wrecked, whereby plaintiff was" injured, any competent testimony is admissible that is relevant to the alleged "negligence and carelessness of the defendant in the running of said train," whereby the train was "derailed and wrecked," including the condition and speed of the train, and the condition of the roadbed and track at the time and place of the alleged injury.

2. Where liability is shown the burden is upon the plaintiff to prove by a preponderance of the weight of legal and competent evidence, the nature and extent of the injuries sustained, of the character substantially as alleged.

3. In an action for negligent injury, under an allegation that the plaintiff was injured in her person and "was thereby rendered incapable of performing her duties of school teaching, which she has pursued with great success  *  and for which she had been specially trained and educated" and that "by reason of such injuries  *  she did necessarily lay out divers sums of money in and about endeavoring to have herself cured of her said injuries," the plaintiff could by competent evidence show personal injuries, loss of earning capacity as a school teacher, and "sums of money" paid "in endeavoring to have herself cured of her said injuries."

4. A motion for new trial upon the ground that the evidence is insufficient to prove the facts in issue, is at common law to be determined by the trial court, and its ruling thereon is not reviewable by the appellate court at least where there is any legal evidence to sustain all the essential elements of the finding; and an order granting a new trial, not being

a final judgment, is not at common law subject to direct review by writ of error.

5. Any principle of the common law may be changed by statute when the constitution is not thereby violated.

6. Pursuant to the Statute, sections 1693 and 1694 General Statutes, it is the duty of the appellate court, in appropriate proceedings duly taken, not only to review questions of law, but to determine whether the evidence is sufficient to sustain the findings of fact in a cause; and if material error appears in such findings that probably causes substantial injustice, it is the duty of the court to correct the error in appropriate proceedings.

7. The granting or denial of a motion for new trial in a litigated cause necessarily involves judicial power and discretion, the essence of which, as distinguished from mere procedure, is by the constitution vested in the courts, not in the legislature.

8. The legislature may lawfully prescribe rules of procedure which the courts will observe; but the legislature has no power under the constitution to regulate the judicial discretion that is vested in the courts.

9. Appellate courts exercise judicial power and discretion in passing upon the correctness of proceedings in trial courts; but such power and discretion is to be exercised for purposes of review to correct material errors that appear to do substantial injury or injustice to the complaining party, and not, except in correcting material errors, to regulate the exercise of reasonable discretion by the trial court, whose judicial acts are presumed to accord with law and with the substantial justice of the cause.

10. There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial

court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice or that the law has been violated.

11. The exercise of the power to suggest a remittitur is not compulsory, and the trial court may grant a new trial where in his opinion the ends of justice require it.

12. On a writ of error taken under the Statute to an order granting a new trial in a civil action at law the only questions to be considered are those involved in the order granting a new trial.

13. A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

14. Where a trial court erroneously grants a new trial in an action at law the order may be reversed on writ of error duly taken and prosecuted under the statute; but in such cases it must clearly and affirmatively appear by the transcript of the record that in granting a new trial the trial court abused a sound judicial discretion or violated some provision or settled principle of law thereby manifestly doing substantial injustice and injury to the party who obtained the verdict.

15. Where the trial court grants a new trial containing several grounds without stating any ground upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the grounds that warrants it.

16. Where a new trial is granted, and there is such a conflict in the evidence that this court cannot say the trial judge abused his discretion in granting such new trial, his ruling will not be disturbed:

17. Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error.

Writ of Error to Circuit Court for Columbia County; M. F. Horne, Judge.

Order affirmed.

*A. H. & Roswell King* and *Cone & Chapman,* for Plaintiff in Error;

*J. B. Hodges* and *J. E. Futch,* for Defendant in Error.

WHITFIELD, J.—This writ of Error was taken under Section 1695 of the General Statutes of 1906 to an order granting a new trial in an action brought in a Florida court by Theola Ruff to recover damages for personal injuries alleged to have been sustained by her while a passenger on the railway company's train in the State of Georgia. The defendant railway company operates a portion of its line and does business in Florida.

The declaration originally contained two counts. A demurrer was overruled as to the first count and sustained as to the second count. After filing an amended second count, the plaintiff "dismissed" both the original and the amended second count. It is assumed here as apparently was done in the trial court, that the laws of Georgia under which the alleged cause of action accrued are similar to the laws of this State on the subject. Trial was had on the first count, and a plea of not guilty. The issues involved were the negli-

gence alleged and also the nature and extent of the alleged injury and proper compensation therefor. The cause of action accrued in Georgia and the claim asserted in the Florida court is for a compensatory, not a penal liability. The declaration alleges "that on or about the 26th day of July, 1912, plaintiff boarded and took passage as a passenger on one of the passenger trains of defendant for transportation as a passenger in due course, and as such passenger she was transported in a passenger coach in said train * * * to or near the station of Pinehurst, Georgia, when * * * said passenger train ,was by and through the negligence and carelessness of the defendant in the running of said train, derailed and wrecked, whereby plaintiff was hurled and thrown about in a coach in said train with great force and violence, whereby defendant did then and there greatly wound, bruise and injure plaintiff, to-wit: in and throughout her body, and in and about her abdomen and back, and her kidneys were displaced, and her rib or ribs were fractured, and did expose and subject said plaintiff to great shame and mortification, by reason whereof plaintiff has suffered great pain and anguish between said date and the date hereof; and is still suffering the same; and by reason of such wounding, hurting, bruising and injuring, plaintiff then and there became sick, sore disordered and has suffered great pain and anguish, and will continue so to suffer for a long time, to-wit: permanently; and plaintiff alleges that she was thereby rendered incapable of performing her business and avocation, to-wit: the business of school teaching, which she has pursued with great success for many years, and for which she had been specially trained and educated and so had become specially fitted and adept in such work, this being the only work for which

she was fitted and qualified; and plaintiff further alleges that by reason of such injuries aforesaid, occasioned as aforesaid, she did necessarily lay out divers sums of money in and about endeavoring to have herself cured of her said injuries to the damage of the plaintiff of twenty-five thousand ($25,000.00) dollars." These allegations set up the relation of passenger and carrier out of which grew the duty of the defendant to safely transport the plaintiff and also the negligence of the defendant in the performance of its duty, resulting in injury to the plaintiff. Upon proof by the plaintiff of injury proximately caused as alleged, the liability of the defendant would be shown "unless the company shall make it appear that it exercised all ordinary and reasonable care and diligence," in the discharge of its duty to its passengers under the circumstances alleged. Sec. 3148 Gen. Stats. of 1906. Under the allegation that the "passenger train was by and through the negligence and carelessness of the defendant in the running of said train, derailed and wrecked, whereby plaintiff was" injured, any competent testimony was admissible relevant to the alleged "negligence and carelessness of the defendant in the running of said train," whereby the train was "derailed and wrecked" including the condition and speed of the train, and the condition of the roadbed and track at the time and place of the alleged injury. Where liability is shown the burden is upon the plaintiff to prove by a preponderance of the weight of legal and competent evidence, the nature and extent of the injuries sustained, of the character substantially as alleged. See Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618. Under the allegations as to injuries sustained, the plaintiff could by competent evidence show personal injuries, loss of earning capacity as a school teacher, and "sums of money" paid

"in endeavoring to have herself cured of her said injuries."

At common law alleged errors of law in the rulings of the court on matter *in pais* occurring in the cause, could be reviewed by the appellate court on bills of exceptions upon writ of error duly taken to the final judgment. But a motion for new trial upon the ground that the evidence is insufficient to prove the facts in issue, is at common law to be determined by the trial court, and is not reviewable by the appellate court at least where there is any legal evidence to sustain all the essential elements of the finding; and an order granting a new trial, not being a final judgment, is not at common law subject to direct review by writ of error.

Article VII of the Amendments to the Federal Constitution provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." This organic provision is expressly made applicable only to "any court of the United States;" and it is not applicable to State courts; nor does it limit the right and power of the States severally to regulate the procedure of their own courts in the matters covered by the organic provision. As required by the article above quoted, the Federal Appellate Courts in proceeding "according to the rules of the common law," do not pass upon the sufficiency of evidence to prove facts in issue where there is any legal evidence to support a finding of fact. But neither the Federal nor the State Constitution limits the legislative power of the State to authorize its appellate courts to review orders granting new trials or to review findings of fact and to grant new

trials or to take proper steps to correct errors in such findings. Any principle of the common law may be changed by statute when the Constitution is not thereby violated. S. & C. L. Co. v. Fowler, 58 Fla. 362; M. P. Ry. Co. v. Castle, 224 U. S. 541.

Under Sections 1693, 1694 and 1695 of the General Statutes of Florida modifying the common law, all orders granting or denying motions for new trial "shall and may be assigned for matter and cause of error upon any writ of error from the final judgment in said cause, taken to the Appellate Court; and the said court shall hear and determine the matter so assigned for error in the same manner and under the like rules and regulations· as in other cases." "The party aggrieved by any such order * * * shall make his exceptions thereto in writing and shall insert therein all such evidence * * and all other matters which do not properly appear of record;" "and the said exceptions shall be" authenticated by appropriate bill of exceptions. "Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto,* shall be made and prevail."

Pursuant to these stautory provisions it is the duty of the Appellate Court, in appropriate proceedings duly taken, not only to review questions of law, but to determine whether the evidence is sufficient to sustain the findings of fact in a cause; and if material error appears in such findings that probably causes substantial injus-

tice, it is the duty of the court to correct the error by appropriate proceedings. On writ of error taken under the statute to an order granting a new trial, the court "shall review the said order." If the motion granted duly questions the sufficiency of the evidence to sustain the verdict, the appellate court may review the evidence where it is proper to do so in adjudicating the correctness of the order granting the new trial. Where error is found in the order granting a new trial, the statute provides that he appellate court "shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail." By this latter provision the statute recognizes the common law right to have judgment rendered in accordance with the pleadings in the cause.

A motion for a new trial is the means by which the *trial court reviews its rulings* in the cause and passes upon the sufficiency of the evidence to sustain the verdict, and upon other matters *in pais* affecting the justice and the legality of the verdict. In modern practice a motion for new trial may contain not only a challenge of the sufficiency of the evidence to support the verdict rendered and a showing of newly discovered evidence and irregular proceedings of any kind in the cause, but properly presents for review by the trial court questions as to its rulings in all proceedings whether contained in the record proper or of matters *in pais* occurring in the trial. Where a review is desired *by an appellate court* a bill of exceptions should be duly taken and authenticated containing such proceedings and matters as do not constitute a part of the record proper of the cause, *e. g.* all happenings *in pais* affecting the cause, motions that are in

effect not pleadings, evidentiary offerings, statements of newly discovered evidence, charges given or refused, the correctness of the verdict with reference to the evidence, and also the objections made to such motions, charges, evidentiary matters and other proceedings, together with the rulings thereon and the exceptions taken thereto. A motion in arrest of judgment is the means by which the trial court passes upon the sufficiency in law of the pleadings to sustain a judgment on the verdict rendered. Such a motion relating as it does to the pleadings is a part of the record proper, and it may be reviewed on writ of error without a bill of exceptions. Relating as it does to matters *in pais,* a motion for new trial is itself not a part of the record proper of the cause, and it is evidenced to an appellate court by means of an appropriate bill of exceptions which should also contain an exception to the order made in granting or denying the motion. The correctness of the verdict with reference *to the pleadings* in the cause, is a matter of law for the court to decide. The granting or denial of a motion for new trial in a litigated cause necessarily involves judicial power and discretion, the essence of which, as distinguished from mere procedure, is by the Constitution vested in the courts, not in the Legislature. See N. & M. V. Ry. Co. v. Wallace, 90 Miss. 609, 43 South. Rep. 469; 122 Am. St. Rep. 321; Trustees v. Bailey, 10 Fla. 238.

Under our system of government the courts cannot lawfully interfere with the substance of the lawmaking power and discretion vested in the Legislature by the Constitution. Nor can the Legislature lawfully interfere with the substance of the judicial power and discretion vested in the Courts by the Constitution. The Legislature may lawfully prescribe rules of procedure which the courts will observe; but the Legislature has

no power under the Constitution to regulate the judicial discretion that is vested in the courts.

Appellate courts exercise judicial power and discretion in passing upon the correctness of proceedings in trial courts; but such power and discretion is to be exercised for purposes of review to correct material errors that appear to do substantial injury or injustice to the complaining party, and not, except in correcting material errors, to regulate the exercise of reasonable discretion by the trial court, whose judicial acts are presumed to accord with law and the substantial justice of the cause.

There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise resulting in injustice, or that the law has been violated.

The exercise of the power to suggest a remittitur is not compulsory, and the trial court may grant a new trial where in his opinion the ends of justice require it. See Atlantic Coast Line R. Co. v. Pipkin, 64 Fla. 24, 59 South. Rep. 564; Gila Valley G. & N. R. Co. v. Hall, —— U. S.——, 34 Sup. Ct. Rep. 229, Jan. 5, 1914; Pensacola Gas Co. v. Pebley, 25 Fla. 381, 5 South. Rep. 593. Granting a new trial and directing a verdict are wholly different matters. Florida East Coast Ry. v. Hayes, decided at the last term; Gunn v. City of Jacksonville, decided at this term.

Where a verdict has been rendered the exercise of the

judicial power of the trial court in setting aside the verdict, does not impair the right to a jury trial, since it is the duty of the court in appropriate proceedings to take the steps authorized by law to correct material errors in the procedure or in the verdict, and to secure a proper verdict upon which to render an appropriate judgment in the cause. The granting of a new trial merely gives the parties an opportunity to re-try the cause before another jury and according to law. When a new trial is granted by the trial court there is in effect no final judgment in the cause, unless the order granting the new trial is reversed on writ of error and a judgment is entered as directed by the appellate court.

If a new trial is denied final judgment may be rendered; but where a new trial is granted, the parties have another opportunity to contest the issues made. Orders denying or granting new trials are presumed to be in accordance with law and the justice of the cause. An order denying a new trial may be reversed by the appellate court if material and harmful error appears in the proceedings that probably affect the merits and justice of the cause; but an order granting a new trial will not be reversed unless it clearly and affirmatively appears that the order is an abuse of judicial discretion manifestly resulting in injustice, or that some provision or settled principle of law has been violated by the order, to the injustice and substantial injury of the party in whose favor the verdict was rendered.

A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283.

On writ of error taken under the statute to an order granting a new trial in a civil action at law, the only questions to be considered are those involved in the

order granting the new trial. This is the rule whether the verdict was for the plaintiff or for the defendant below. Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Owens v. Wilson, 58 Fla. 335, 50 South. Rep. 674; Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 South. Rep. 786; Beverly v. Hardaway, 66 Fla. 177, 63 South. Rep. 702.

Where a trial court erroneously grants a new trial in an action at law the order may be reversed on writ of error duly taken and prosecuted under the statute; but in such cases it must clearly and affirmatively appear by the transcript of the record that in granting a new trial the trial court abused a sound judicial discretion or violated some provision or settled principle of law thereby manifestly doing substantial injustice and injury to the party who obtained the verdict. Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Philadelphia Underwriters Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 South. Rep. 210; Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Fienberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797; Nathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247; Georgia, Southern & F. Ry. Co. v. Hamilton, 63 Fla. 150, 58 South. Rep. 838.

Where the trial court grants a new trial containing several grounds without stating any ground upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the ground that warrants it.

Where a new trial is granted, and there is such a conflict in the evidence that this court cannot say the trial judge abused his discretion in granting such new trial, his ruling will not be disturbed. Dominquez v. Citizens Bank & Trust Company, 62 Fla. 148, 56 South. Rep. 682;

Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994; Orchard v. C. H. & N. R. Co., 66 Fla. 353, 63 South. Rep. 717. Also see Reddick v. Joseph, 35 Fla. 65, 15 South. Rep. 781; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286; Baggett v. Savannah, F. & W. R. Co., 45 Fla. 184, 34 South. Rep. 564; Citizens' Bank & Trust Co. v. Spencer, 46 Fla. 255, 35 South. Rep. 73; Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49; Hainlin v. Budge, 56 Fla. 342, 47 South. Rep. 825; Hobbs v. Cheyney, 62 Fla. 214, 56 South. Rep. 554; Connor v. Elliott, 59 Fla. 227, 52 South. Rep. 729; Zackary v. Georgia F. & A. R. Co., 62 Fla. 419, 56 South. Rep. 686; Acosta v. Gingles, 65 Fla. 507, 62 South. Rep. 582; Chancey v. Williams, 56 Fla. 215, 47 South. Rep. 811.

Among the grounds of the motion for new trial are specifications that (1) the verdict is contrary to law, to the charge of the court and to the weight of the evidence; (2) the verdict is excessive; (3) the court erred in rulings admitting evidence as to the condition of the railroad track, as to the earning capacity of the plaintiff as a school teacher, and as to the life expectancy of the plaintiff; (4) the court erred in giving and in refusing designated charges; (5) that newly discovered evidence, not merely impeaching or cumulative in its character, has been discovered since the trial, which evidence is pertinent and material and could not before have been discovered by the exercise of due diligence. Affidavits in support of the last ground of the motion are attached which tend to indicate the materiality and probable probative effect of the stated newly discovered evidence and the diligence of the defendant in discovering its defensive evidence.

The court did not indicate the ground of the motion on which he based the order granting a new trial, and

if any of the grounds justify the order, it must be assumed to have been predicated thereon.

The nature and extent of the injuries sustained by the plaintiff was a material issue in the cause, and the evidence on this issue was conflicting in many essential particulars. On this record it can not be fairly said that the material evidence as to the nature and extent of the plaintiff's injury so preponderates in its probative force and weight in favor of the verdict found as to show affirmatively that the trial court who saw and heard the witnesses and the plaintiff abused a sound judicial discretion and did an injustice to the plaintiff in granting a new trial, if he did so on the ground that the verdict is excessive in amount or is contrary to the weight of the evidence.

The plaintiff's brother, a physician, testified that two of the plaintiff's ribs were broken near the spinal column over the upper part of the kidney that was dislodged. There was positive testimony that the plaintiff had a "floating or dislodged kidney," and as to the pain and suffering endured by the plaintiff for a considerable time after the injury and up to the time of the trial. And there was testimony that the plaintiff is permanently disabled to further teach school, and that she will remain somewhat of an invalid. But there is also much testimony that the injury to the plaintiff was not, and could not have been so great as she claims, and that in reality her injuries were not so serious as claimed. The verdict is for $25,-000.00, the full amount claimed in the declaration. It does not clearly and affirmatively appear from the conflicting testimony that any provision or settled principle of law was violated or that injustice was done the plaintiff by the trial court in determining that the verdict in the amount of the damages awarded is contrary to the

charge given that future or prospective damages should be reduced to their present value; or in determining that the amount of the verdict is in excess of just compensation for all the duly pleaded and proven injuries sustained by the plaintiff as a proximate result of the defendant's negligence.

Under the pleadings evidence as to the condition of the defendant's roadbed at the time and place of the alleged injury to the plaintiff, and as to the plaintiff's loss of earning capacity as a school teacher as a proximate result of the injury, was admissible, and as there is an allegation and some evidence of a permanent injury to the plaintiff as a proximate result of the alleged negligence of the defendant, which made the life expectancy of the plaintiff a pertinent fact, no material error appears in the specified rulings on evidence. The charges complained of, if technically inaccurate, were not prejudicial to the defendant, and those refused did not deprive the defendant of any substantial right, unless it be as to the recovery of sums of money paid by the plaintiff without proof to support the charge.

The trial court may reasonably have been impressed with the materiality and pertinence and probable probative effect of the asserted newly discovered evidence with reference to the merits and justice of the cause and the diligence in discovering it.

The order is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND J. J., concur.