J. S. HARRISON, *Petitioner*, v. CARROLL H. FRINK, *Respondent*.

Opinion filed January 12, 1918.

Where an order made by a Civil Court of Record granting a new trial on the evidence is affirmed by the Circuit Court on writ of error, and such order does not appear to be erroneous, a writ of *certiorari* will not be granted by this court to review the affirmance of such order.

Original writ denied.

*John L. Doggett, Henry C. Clark* and *Wm. K. Jackson,* for Petitioner.

WHITFIELD, J.—By petition it is in effect alleged that in an action of assumpsit brought by Carroll H. Frink against J. S. Harrison in the Civil Court of Record for Duval County, Florida, a verdict was rendered for the defendant; that a motion for new trial was granted and on writ of error taken under the statute the order granting a new trial was affirmed; that the granting of a new trial is "an error of law." It is prayed "that a writ of certiorari, or such other writ as to this court may seem most appropriate, be issued by this court, requiring the said case in said Circuit Court to be certified to this Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by writ of error to the Supreme Court."

It appears that the trial court granted a new trial on the theory that the evidence showed an account stated which was not impeached for "fraud, mistake or error." Daytona Bridge Co. v. Bond, 47 Fla. 136, 36 South. Rep. 445.

The appellate jurisdiction of the Supreme Court and of the Circuit Courts of the State is fixed by Sections 5 and 11 of Article V of the State Constitution, as follows: "The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts, and of appeals from the Circuit Courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants, and in cases of conviction of felony in the criminal courts, and in all criminal cases

originating in the Circuit Courts. The court shall have the power to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its jurisdiction." Sec. 5. "The Circuit Courts  *  *  *  shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before the county judge, of all misdemeanors tried in criminal courts, or judgments or sentences of any mayor's courts, and of all case arising before justices of the peace in counties in which there is no county court; and supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction, or to the estate and interests of minors, and of such other matters as the legislature may provide. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction." Sec. 11. Section 1 of Article V as amended in 1914, provides that "The judicial power of the State shall be vested in a Supreme Court, circuit courts, criminal courts, county courts, county judges and justices of the peace and such other courts or commissions as the legislature may from time to time ordain and establish." Under this latter organic provision the legislature enacted Chapter 6904 Acts of 1915, establishing civil courts of record in counties having a population of more than 70,000, and "prescribing the jurisdiction of the Supreme Court and Circuit Courts in relation to Civil Courts of Record". This statute contains the following provisions:

"The Circuit Courts shall have appellate jurisdiction in all cases decided by the Civil Courts of Record, in the

same manner and with the same limitations as in writs of error from the Circuit to the County Court." Sec. 12.

"Where the Circuit Court has rendered a judgment in any case appealed from the Civil Court of Record as provided by this Act, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it has been carried by writ of error to the Supreme Court; Provided, that such petition must be filed within thirty days after the rendering of such judgment by the Circuit Court. The Supreme Court shall make such rules and regulations as may be proper for the exercise of its powers under this Act." Sec. 13.

In Basnet v. City of Jacksonville, 18 Fla. 523, this court said: "A *certiorari* is appellate in its character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction. It is original in the sense that the subject-matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. Thus the Supreme Court of the United States speaks of such writs 'as writs to review the proceedings of inferior courts as a matter of original jurisdiction,' and showing errors of fact is only admissible to show want of jurisdiction or serious irregularity or illegality in procedure." "This writ issues here not as ancillary or auxillary to our appellate jurisdiction as it is when issued to supply a deficiency in the transcript of the record of a judgment from which an appeal is taken or to which a writ of error is sued out; nor is it issued to remove a case for trial here of which we have jurisdiction. It is a common law writ of

*certiorari.* Upon such writ·we neither affirm nor reverse a judgment, nor try the case upon its merit. We must either quash the proceeding of the Judge of the Circuit Court or quash the *certiorari* which brings it here." "A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not an illegal or irregular act or proceeding remediable by *certiorari.* We cannot make this writ serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions."

The common-law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Edgerton v. Mayor of Green Cove Springs, 18 Fla. 528.

On certiorari the court issuing the writ considers only the face of the record of the inferior court. Matters *in pais* are not within the purview of the writ. Ragland v. State, 55 Fla. 157, 46 South. Rep. 724.

Certiorari is a common law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. State v. Live Oak, Perry & Gulf Ry. Co., 70 Fla. 564, 70 South. Rep. 550.

An order granting a new trial in an action at law should not be disturbed by an appelllate court unless it affirmatively appears that there has been an abuse of

judicial discretion or that some settled principle of law has been violated.    Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Orchard v. Charlotte Harbor & N. R. Co., 66 Fla. 353, 63 South. Rep. 717; Dunnellon Phosphate Co., v. Crystal River Lumber Co., 63 Fla. 131, 58 South. Rep. 786; Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994.   No question of jurisdiction of the Civil Court of Record or of the Circuit Court is presented. The order of the Civil Court of Record granting a new trial on the evidence does not show an abuse of discretion or a violation of any settled principle of law, therefore it does not appear to be even erroneous, assuming that this court can lawfully review the case for the correction of mere errors of procedure.

The statute establishing Civil Courts of Record provides that on *certiorari* to the Circuit Court in a case appealed to the latter court from the Civil Court of Record, this court shall have "the same power and authority in the case as if it had been carried by writ of error to the Supreme Court."    Even if this provision may be regarded as competent to indirectly extend the appellate jurisdiction of this court that is definitely limited in the constitution, by enlarging the scope and operation of a writ of *certiorari* issued by this court, so as to give to it the effect of a writ of error allowing this court to correct mere errors of procedure made by the Civil Court of Record, yet as it does not appear that the order of the Civil Court of Record granting a new trial is erroneous, there was of course no "serious irregularity or illegality in procedure," in making the order.   This being so it cannot be said that the Circuit Court did not "proceed according to the essential requirements of the law," in affirming the order on writ of error taken to that court under the statute.   In other words if this court can con-

sider on a writ of *certiorari* mere errors of procedure by the Civil Court of Record, no such errors appear herein, and as the writ is not one of right, it should not be issued in this case.

Writ denied.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.