JOHN K. CHENEY, DOING BUSINESS AS TARPON LUMBER COMPANY, *Plaintiff in Error*, v. W. A. ROBERTS AND CARTER MANUFACTURING COMPANY, A CORPORATION, *Defendants in Error*.

## Opinion filed March 29, 1919.

1. There are so many matters occurring in the course and progress of a judicial trial which, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the Appellate Court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated.

2. On writ of error taken under the statute to an order granting a new trial in a civil action at law, the only questions to be considered are those involved in the order granting a new trial.

3 A stronger showing is required to reverse an order allowing a new trial than to reverse one in denying it.

4. Where the trial court grants a new trial containing several grounds, without stating any ground upon which the ruling was based. the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the grounds that warrant it.

5 Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new

trial, the action of the trial court in granting a new trial will not be disturbed on writ of error.

6. When a motion for a new trial is granted by the Circuit Court the presumption is that it was properly granted.

An Appeal from the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Order affirmed.

*McKay & Withers,* for Plaintiff in Error;

*King, Spear & Futch,* for Defendants in Error.

WHITFIELD, J.—A judgment was obtained by Cheyney against Roberts on promisory notes. In ancillary garnishment proceedings in the cause brought by Cheyney against Carter Manufacturing Company garnishee, a verdict was rendered on a traverse of the answer in garnishment that the garnishee company were then and at the time the writ of garnishment was served, in possession of stated articles of property belonging to the defendant Roberts. The court granted a new trial on motion of the garnishee company and Cheyney took writ of error thereto under the statute. Sec. 1695, Gen Stats. 1906, Cimpiled Laws 1914; Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866.

There are so many matters occurring in the course and progress of a judicial trial which, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the

end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated.

On a writ of error taken under the statute to an order granting a new trial in a civil action at law, the only questions to be considered are those involved in the order granting a new trial.

A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

Where the trial court grants a new trial containing several grounds, without stating any ground upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the grounds that warrant it.

Where a new trial is granted, and there is such a conflict in the evidence that this court cannot say the trial judge abused his discretion in granting such new trial, his ruling will not be disturbed.

Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error. Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Cotton States Belting & Supply Co. v. Florida R. Co., 69 Fla. 52, 67 South. Rep. 568.

When a motion for a new trial is granted by the Circuit Court, the presumption is that it was properly granted. Louisville & N. R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49; Acosta v. Gingles, 65 Fla. 507, 62 South. Rep. 582.

Where there is a sharp conflict in the evidence upon a vital point, an order granting a new trial upon the first verdict will not be disturbed. Orchard v. Charlotte Harbor & N. R. Co., 66 Fla. 353, 63 South. Rep. 717; Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994; Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283; Carney v. Stringfellow, *supra.*

One of the grounds of the motion for new trial is that the verdict is contrary to the evidence, and as the evidence is not so preponderating in favor of the verdict as to clearly show an abuse of discretion in granting a new trial the order is affirmed.

BROWNE, C. J., AND ELLIS AND WEST, J. J., concur.