GULF REFINING COMPANY, A CORPORATION, *Plaintiff in Error,* v. LIZZIE HOWARD, *Defendant in Error.*

Opinion Filed June 24, 1921.

Petition for rehearing denied July 18, 1921.

1. Where the court may *sua sponte* grant a new trial during the term, the court is not without jurisdiction in granting a new trial, during the term, even though no notice was given of a motion for extension of time to move for a new trial, no advantage having been duly taken of the failure to give the required notice, and a motion to vacate the order granting a new trial was not made until after the adjournment of the court for the term.

2. On writ of error taken under the statute to an order granting a new trial in a civil action at law the only questions to be considered are those involved in the order granting a new trial.

3. Where the evidence on essential points involved in the issues being tried is conflicting, and it does not clearly appear that the granting of a new trial by the lower court was an abuse of discretion, the order will not be reversed on the evidence.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*Marks, Marks & Holt,* for Plaintiff in Error;

*A. H. & Roswell King,* for Defendant in Error.

WHITFIELD, J.—In the declaration of an action to recover damages from the corporation for the death of her

husband, Lizzie Howard alleged that "decedent was employed by defendant as a laborer in and about moving and loading a boiler from one of the docks or wharves of defendant into or upon a barge then and there being alongside the said dock or wharf of said defendant; that on said day decedent was working for defendant under its orders, direction and control, which orders decedent was bound to obey, and decedent was then and there ordered by defendant to assist in moving said boiler into or upon the said barge from defendant's said dock or wharf; that said boiler was moved by the use of rollers placed thereunder until said boiler reached the edge of said dock or wharf, when said rollers and boiler were rolled across from said dock or wharf by the use of two pieces of timber running from said dock or wharf over and upon said barge; that it then and there became and was the duty of defendant to use due care to furnish for the doing of such work of moving and loading said boiler reasonably safe, suitable and sufficient tools and appliances; but defendant wholly neglected its duty in this behalf, negligently and carelessly furnishing for the doing of said work certain slender, inadequate, unsuitable and insufficient pieces of timber to hold up said boiler while it was being moved between said dock or wharf and said barge; that then and there decedent was assisting, as ordered by defendant, in moving and loading said boiler; that thereupon one of the said pieces of timber, because of the carelessness and negligence of defendant, as aforesaid, broke and gave way, and said boiler fell down and upon plaintiff with great force and violence; that because of and as a direct result of the aforesaid carelessness and negligence of defendant, whereby said boiler fell upon decedent, the decedent, Arthur Howard, was then and there killed; and plaintiff alleges that she has been deprived of the support and maintenance of her

deceased husband which she was entitled to receive, and plaintiff has also been deprived of the comfort, association and protection of said decedent, to the damage of the plaintiff in the sum of Fifty Thousand ($50,000.00) Dollars.''

Trial was had on the pleas numbered 1, 4 and 5, which are as follows: (1) Not guilty. (4) That the deceased, Arthur Howard, had, prior to the time of the accident, ample opportunity to examine the pieces of timber used as skids upon which the boiler in the declaration mentioned was being moved, and that prior to the time of the accident he had actually used or assisted in making use of said pieces of timber in the supporting and moving of the boiler; that he had had previous experience in the same kind and character of work and was a man of sufficient age, experience and capacity to understand and appreciate the methods employed and the danger thereof, and that he continued without protest to do the said work and to use the said pieces of timber, wherefore he assumed the risk of his employment. (5) That the injuries sustained by the deceased Arthur Howard were proximately contributed to by his own negligence in this, to-wit., that he was the head, or boss, or leader of the gang of men engaged in the actual moving of the boiler in the declaration mentioned, and that he had the opportunity to, and the tools and appliances wherewith to block up or support the skids or pieces of timber upon which the boiler was being moved or· rolled from the dock to the lighter or barge, and that he negligently failed to adequately block up or support the said skids or pieces of timber before the weight of the boiler was transferred thereto.

There were verdict and judgment for the defendant rendered May 27, 1920.

On May 29, 1920, the plaintiff filed a motion for extension of time within which to file a motion for new trial. This motion was granted May 29, 1920. On June 11, 1920, the plaintiff filed a motion for new trial containing twenty-five grounds. This motion for new trail was, on November 12, 1920, granted on grounds 1, 4, 5, 6 and 7, which grounds are as follows: (1) Because the verdict is contrary to the evidence. (4) Because the verdict is contrary to the overwhelming weight of the evidence. (5) Because the overwhelming preponderance of the evidence shows that the defendant did not furnish deceased, Arthur Howard, with safe and sufficient tools and appliances with which to work. (6) Because the overwhelming preponderance of the evidence shows that the defendant did furnish for the deceased, Arthur Howard, inadequate, unsuitable and insufficient pieces of timber with which to work. (7) Because the overwhelming preponderance of the evidence shows that plaintiff's deceased husband, Arthur Howard, was killed by and through the carelessness and negligence of defendant's foreman.

The court adjourned for the term on November 12, 1920.

On January 5, 1921, after the adjournment of the court for the term, the defendant filed a motion to vacate the order granting a new trial, the grounds of the motion being: "(1) The motion for new trial was not filed within four (4) days after the rendition of the verdict herein. (2) The motion for new trial was not filed within the time allowed by law. (3) The motion for new trial is and was from its inception utterly void and a mere nullity, and formed no proper basis or predicate for the order of court granting the same. (4) There was no valid order extending the time for making and presenting the said motion for new trial. (5) The order of court made and entered

on May 29, 1920, purporting to give to the plaintiff an extension of time for the filing of a motion for new trial is and was from its inception a mere nullity and absolutely void. (6) The Circuit Court was without jurisdiction to consider the motion for new trial. (7) The Circuit Court was without jurisdiction to consider the motion filed by the plaintiff asking for an extension of time for the filing of a motion for new trial. (8) No notice was given by the plaintiff of her intention to apply for an etxension of time for the filing of a motion for new trial, as required by law. (9) No copy of the motion for extension of time was served on the defendant or its attorneys as required by law. (10) No copy of the motion for new trial was served upon the defendant or its attorneys, as required by law. (11) No notice of hearing upon the motion for new trial was served upon the defendant or its attorneys, as required by law. The defendant attaches to its motion in support thereof, and by reference makes a part of the said motion, the affidavit of one Francis M. Holt, of counsel for the defendant, and respectfully asks that the Court will consider the same in connection with the said motion.

MARKS, MARKS & HOLT,<br>
Attorneys for Defendant.

State of Florida,    } ss.<br>
  County of Duval.   }

Before me this day personally appeared Francis M. Holt, who, having first been duly sworn, deposes and says that he is a member of the law firm of Marks, Marks & Holt, attorneys of record for the defendant herein, and that he has had personal charge of the cause above styled during the pendency of the suit. Affiant further says that after

the trial of this cause and the rendition of the verdict herein, which occurred on May 27, 1920, no copy of the motion for the extension of time for the filing by the plaintiff of a motion for a new trial was served upon the defendant herein or upon its attorneys, and no notice whatever of the presentation of said motion and hearing thereon was given to this defendant or its attorneys. Affiant further says that the Court's order of May 29, 1920, purporting to grant an etxension of time within which the plaintiff might file her motion for new trial, was made *ex parte,* entirely without notice to the defendant or its attorneys and without knowledge of the defendant or of its attorneys.

This affiant further says that no copy of the motion for new trial filed herein has ever been served upon the defendant or upon its attorneys.

                    FRANCIS M. HOLT.

This motion to vacate was denied, an exception for the defendant was noted and the defendant took writ of error to the order granting a new trial as is permitted by the statute.

Errors are assigned as follows:

"1. The Court erred in making and entering its order of May 29, 1920, extending the time for the filing by the plaintiff of her motion for new trial, because there was no proper predicate for the making of such order.

"2. The Court erred in considering the plaintiff's motion for new trial, because it was not made within the time prescribed by law.

"3. The Court erred in considering the plaintiff's motion for new trial, because it was an absolute nullity.

"4. The Court erred in granting the plaintiff's motion for new trial.

"5. The Court erred in denying the motion made by the defendant, wherein it was sought to have the order of court granting the plaintiff's motion for new trial, vacated and declared to be of no effect."

The statute provides that: "Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard.

"It shall not be necessary to incorporate in any motion for a new trial any matter in pais previously excepted to, for the purpose of having the same reviewed by an appellate court. The provisions of this section shall not apply to criminal causes." Sec. 2811 Rev. Gen. Stats. 1920.

It is argued that as the statutory notice was not given, the order extending the time for making a motion for new trial was unauthorized and as the motion for new trial was not filed within four days after the rendition of the verdict, the motion and order for new trial should have been stricken from the record on the defendant's motion made after the adjournment of the court for the term.

The statute does provide that "in all cases of extension of time for making such motions (for new trials in civil

cases), a copy of the motion to be presented to the judge should be served on the opposite party or his attorney, with three days' notice of the time and place that the same will be presented and heard;'' and a failure to give such notice is an irregularity that the opposite party may take advantage of if appropriate and timely procedure is had thereon. But as the Court could *sua sponte* grant a new trial during the term, the Court was not without jurisdiction; and the order extending the time for making a motion for new trial and the ordeer granting a new trial, made during the term, are not void and subject to motion to vacate made after an adjournment of the court for the term.

The only question now is, whether error was committed in granting a new trial. Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866.

While it cannot fairly be said that the verdict for the defendant is contrary to the overwhelming weight of the evidence as asserted in the grounds of the plaintiff's motion for new trial, the evidence on essential points involved in the issues being tried is conflicting, and it does not clearly appear that the granting of a new trial was an abuse of discretion. Cheney v. Roberts, 77 Fla. 324, 81 South. Rep. 475; Carney v. Stringfellow, *supra;* Ruff v. Georgia S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Orchard v. Charlotte Harbor & N. R. Co., 66 Fla. 353, 63 South. Rep. 717; Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994; Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283.

This case is essentially different from Jackson Bros. Lumber Co. v. Yaeger & McGaskill, 80 Fla. 611, 86 South. Rep. 500, and Cotton States Belting & Supply Co. v. Florida R. Co., 69 Fla. 52, 67 South. Rep. 568, and other

cases cited therein where the granting of a new trial was held to be error.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.