MIAMI TRANSIT COMPANY, *Petitioner,* vs.
GEORGE F. STEPHENS, *Respondent.*
143 So. 325.
Opinion filed August 3, 1932.

*Worley & Worley,* for Petitioner;
*L. J. Cushman,* for Respondent.

PER CURIAM.—A judgment for the plaintiff in a cause was rendered by the civil court of record of Dade County. On motion of the defendant the court granted a new trial. The Circuit Court on writ of error issued under Section 4615 (2905) C. G. L. reversed the order granting a new trial. This court granted a writ of certiorari to the order of the circuit court reversing the order of the civil court of record granting a new trial. The order of the circuit court contains the following:

"Upon consideration of the record in the above cause, it appears to the Court there was evidence to support the verdict rendered, and that there was material conflict in the evidence, and that under these circumstances, it not appearing that the evidence clearly preponderates against the verdict so as to require its annulment in order to meet the ends of justice, and it not appearing that there is anything upon which to base an assumption that the jury was improperly influenced by considerations outside the evidence, the lower court was in error in granting the defendant's motion for new trial, and the judgment of the Civil Court of Record of Dade County,

Florida, should be reversed. IT IS, THEREUPON, CONSIDERED, ORDERED AND ADJUDGED that the judgment and order of the Civil Court of Record of Dade County, Florida, in the above entitled cause, granting the Defendant's motion for new trial be, and the same is, hereby reversed, and that the costs be taxed by the Clerk against the Defendant-in-error.''

Even if the circuit court was warranted in reversing the order of the civil court of record granting a new trial in a cause in the latter court, the order of reversal may be quashed on certiorari when it does not comply with the requirements of the statute that

''Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause prosecute a writ of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, unless a motion in arrest of judgment, or for judgment non obstante veredicto, shall be made and prevail.'' Sec. 4615 (2905) C. G. L. 1927.

See Bishop v. Taylor, 41 Fla. 77, 25 So. 287; Wilhelm v. South Indian River Co. et al., 98 Fla. 970, 124 So. 729; Winn et al., vs. Coggins et al., 53 Fla. 327, 42 So. 987.

The circuit Judge as an appellate court reversed the order of the trial court granting a new trial because he found that

''There was evidence to support the verdict rendered, and that there was material conflict in the evidence and that under these circumstances, it not appearing that the evidence clearly preponderates against the verdict so as to require its annulment in order to meet the ends of justice, and it not appearing that there is anything upon which to base an assumption that the jury was improperly influenced by considerations outside the evidence.''

The rule is that when a trial court grants a new trial on the evidence, an appellate court should not reverse the order granting a new trial when the evidence on essential

points involved in the issues being tried is conflicting, and it does not clearly appear that the evidence so preponderates in favor of the verdict as to show an abuse of discretion by the lower court in granting a new trial. Gulf Refining Co. v. Howard, 82 Fla. 27, 89 So. 349; Ruff v. G. S. & F. Ry. Co., 57 Fla. 224, 64 So. 782; Allen v. Lewis, 43 Fla. 301, 31 So. 286; Dun. Phos. Co. vs. Crystal Riv. Lum. Co., 63 Fla. 131, 58 So. 786; Chancey et al. v. Williams, 56 Fla. 215, 47 So. 811; Charlotte County v. Chadwick, et al., 135 So. 502.

Where the verdict accords with the legal effect of the evidence, an order granting a new trial may be reversed by the appellate court when the order violates settled principles of law. Bishop v. Taylor, 41 Fla. 77, 25 So. 287; Philadelphia Underwriters' Ins. Co. et al. v. Bigelow, 48 Fla. 105, 37 So. 210; Albert Phillips vs. Viola Lowenstein et al., 91 Fla. 89, 107 So. 350.

"It is well established by the prior decisions of this court that upon certiorari we cannot quash an appellate judgment of the circuit court unless it appears from the record that the circuit court, in the exercise of its appellate jurisdiction, has exceeded its jurisdiction, or did not proceed according to the essential requirements of the law, or violated established principles of law, or that the judgment of the circuit court reversing the civil court of record is a palpable miscarriage of justice, or that the result is a substantial injury to the legal rights of the petitioner, or that the judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law, which have resulted in prejudice and material harm to the petitioner." Ulsch v. Mountain City Mill Co., 138 So. 484.

See Am. Ry. Ex. Co. vs. Weatherford, 84 Fla. 265, 93 So. 740.

"A trial court should not grant a new trial on the ground that the verdict is not supported by the evidence where there is material conflict in the evidence, unless the weight of the testimony so clearly preponderates

against the verdict found as to require its annulment in order to meet the demands of justice. But trial courts, of necessity, are vested with a discretion in granting or withholding new trials. And where they grant one on the ground that the evidence does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court, acting under the statute (Section 1267, Revised Statutes) authorizing writs of error from orders granting new trials, will not reverse such order unless it is affirmatively and clearly made to appear from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated. Simply because an appellate court, from the showing made in the record before it, might not have granted the new trial had it acted in the first instance in place of the trial judge, or because it would not under the same circumstances have disturbed a ruling denying such new trial, furnishes no reason of itself to an appellate court for reversing an order of a trial judge granting a new trial." Farrell v. Solary, 43 Fla. 124, 31 So. 283.

See also Carney vs. Stringfellow, 73 Fla. 700, 74 So. 866; Settles v. Burbridge, 91 Fla. 273, 107 So. 646; Cheney v. Roberts et al., 77 Fla. 324, 81 So. 475; L. & N. R. R. Co. v. Allen, 67 Fla. 257, 274, 65 So. 8.

An erroneous rule of law was applied by the circuit court in the order quoted above reversing on writ of error an order granting a new trial made in a cause in the civil court of record. Under the authorities cited certiorari is applicable in such cases.

No abuse of discretion appears to have been committed by the civil court of record in granting the new trial and the reversal of the order by the circuit court is contrary to the essential requirements of the law and such reversal may be quashed in certiorari.

The order of the circuit court reversing the order of the civil court of record granting a new trial is quashed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., concur specially.

BROWN, J. (concurring specially).—I concur in that part of the opinion which holds than an erroneous rule of law was stated and applied by the Circuit Court in the quoted order, reversing the order of the Civil Court of record granting a new trial, and that said order of reversal also failed to comply with section 4615 C. G. L.; and that these matters show that the Circuit Court did not "proceed in accordance with the essential requirements of the law," thus bringing the case within the scope of review allowable on writ of certiorari. But I do not think we can, on certiorari review the evidence on the trial of the case in the civil Court of record to determine whether the Circuit Court erred in its conclusions as to what that evidence showed. Accepting those conclusions of fact as correct, it still appears that the Circuit Court's order was not in accordance with the essential requirements of the lawful procedure governing such matters. See 11 C. J. 92, 105, 106; McCulley vs. Cunningham, 96 Ala. 583, 11 So. 694; Brinson, v. Tharin, 99 Fla. 696, 127 So. 313.

ELLIS, J., concurs.