THE BOARD OF PUBLIC INSTRUCTION FOR ESCAMBIA COUNTY v. S. H. FRIED.

184 So. 843.
Division A.
Opinion Filed December 1, 1938.

*John Lewis Reese,* for Plaintiff in Error;
*Fisher & Fisher,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review an order granting a new trial entered by the trial court *sua sponte.*

The plaintiff in error presents one question, as follows: "Did the lower court err by granting, on its own motion, a new trial to the defendant in error when the jury had passed

on the facts and rendered a verdict in favor of the plaintiff in error in the court below?"

The order granting new trial should be affirmed on authority of opinion and judgment in the case of Gulf Refining Co. v. Howard, 82 Fla. 27, 89 Sou. 349, wherein it was said:

"But as the court could *sua sponte* grant a new trial during the term, the Court was not without jurisdiction; and the order extending the time for making a motion for new trial and the order granting a new trial, made during the term, are not void and subject to motion to vacate made after an adjournment of the court for the term.

"The only question now is, whether error was committed in granting a new trial. Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866.

"While it cannot fairly be said that the verdict for the defendant is contrary to the overwhelming weight of the evidence as asserted in the grounds of the Plaintiff's motion for new trial, the evidence on essential points involved in the issues being tried is conflicting, and it does not clearly appear that the granting of a new trial was an abuse of discretion. Cheney v. Roberts, 77 Fla. 324, 81 South. Rep. 475; Carney v. Stringfellow, *supra;* Ruff v. Georgia S. &. F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Orchard v. Charlotte Harbor & N. R. Co., 66 Fla. 353, 63 South. Rep. 717, Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994; Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283."

It is so ordered.

Affirmed.

TERRELL, C. J., and BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J. and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.